```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :
SKILLZ PLATFORM INC.,           :
                                :        24cv1646(DLC)
                 Plaintiff,     :
            -v-                 :        OPINION
                                :        AND ORDER
PAPAYA GAMING, LTD., et al.,    :
                                :
                 Defendants.    :
                                :
-------------------------------X
```

APPEARANCES:

For the plaintiff Skillz Platform Inc.:
Jessica C. Benvenisty
Craig Carpenito
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Lazar Pol Raynal
Michael Anthony Lombardo
King & Spalding
110 N Wacker Drive, Suite 3800
Chicago, IL 60606

For the defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc.:
Anthony Joseph Dreyer
Jordan Adam Feirman
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

David B. Leland
Margaret E. Krawiec
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

DENISE COTE, District Judge:

Skillz Platform Inc. ("Skillz") brings this action against its competitors Papaya Gaming, Ltd. and Papaya Gaming, Inc. (together, "Papaya") alleging that they violated the Lanham Act, 41 U.S.C. § 1125, and New York General Business Law ("GBL"), § 349, through false advertising. Skillz asserts that Papaya falsely stated or implied that its games pit human players against each other when in fact Papaya uses bots masquerading as human players. For the following reasons, the defendants' motion to dismiss the complaint is denied.

## Background

The following facts are taken from the complaint and documents upon which it relies. For the purposes of deciding this motion, the complaint's factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor.

Skillz is a mobile gaming platform. The Skillz platform matches users with similar skill levels in one-to-one tournaments. Skillz does not use artificial competitors, i.e., "bots", in its cash competitions.

Papaya is a direct competitor of Skillz. Papaya is a mobile gaming platform that offers games similar to those offered on the Skillz platform. Like Skillz, Papaya offers cash competitions in which players are matched by their skill level.

2

Unlike Skillz, however, Papaya hosts competitions with up to twenty players.

The complaint asserts that Papaya deceives consumers by implying that fellow competitors will be human players when it in fact deploys bots to compete against human players.  For example, on its preview page on the Apple App Store, Papaya informs players that they will "be matched with other players within the same skill level . . . so the game is totally fair and skill-based."  In the "Help" section of one of its games, Papaya states that it "make[s] sure to match players against other opponents with a similar skill level to ensure a fun and fair experience for everyone."  Papaya represents that its Solitaire Cash tournaments are available "to all players over the age of 18."  In its Terms of Use, Papaya states that the "individuals who better use their relevant skill and knowledge and accumulate the highest scores will be the winner(s)." Unlike Skillz, Papaya does not provide a function to allow players to chat with each other or give access to a competitor's gaming history.

In reviews on the Apple App Store, Papaya players have complained that Papaya uses bots to play against them. According to the complaint, Papaya has responded to these negative comments but has not denied that it uses bots in its cash competitions.

This action was filed on March 4, 2024. On May 6, the defendants moved to dismiss the complaint. The motion became fully submitted on June 11.[1]

## Discussion

The plaintiff brings two claims. The complaint asserts a claim of false advertising under the Lanham Act and a claim of deceptive practices under GBL § 349. The defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing that the plaintiff has failed to state a claim for relief.

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Ashcroft, 556 U.S. at 678). "In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the

---

[1] The plaintiff was given an opportunity to amend its pleading but chose instead to oppose the motion.

complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted). When assessing the pleadings on a motion to dismiss, a court

> may review only a narrow universe of materials, which includes facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, matters of which judicial notice may be taken, as well as documents not expressly incorporated by reference in the complaint that are nevertheless integral to the complaint.

Clark v. Hanley, 89 F.4th 78, 93 (2d Cir. 2023) (citation omitted).

I. Lanham Act

The defendants argue that the complaint fails to sufficiently allege a claim of false advertising pursuant to the Lanham Act. Section 43(a) of the Lanham Act provides that

> any person who, on or in connection with any goods or services, or any container for goods, uses . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . .
>
> in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). To state a false advertising claim under § 43(a), a plaintiff must plausibly allege the falsity and materiality of the challenged statement. Int'l Code Council,

Inc. v. UpCodes Inc., 43 F.4th 46, 56 (2d Cir. 2022) (citation omitted). The plaintiff must also plausibly allege injury as a result of the defendants' false statements. Id.

"A plaintiff can demonstrate falsity either by showing: (1) literal falsity, i.e., that the challenged advertisement is false on its face, or (2) implied falsity, i.e., that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers." Id. at 57 (citation omitted). "A message can only be literally false if it is unambiguous." Id. (citation omitted). "[A]n impliedly false message leaves an impression on the listener or viewer that conflicts with reality." Id. (citation omitted). "Impliedly false statements can be ambiguous, but their falsity is usually demonstrated through extrinsic evidence of consumer confusion or through evidence of the defendant's deliberate deception, which creates a rebuttable presumption of consumer confusion." Id. (citation omitted).

A plaintiff can plead materiality by demonstrating that the defendants' "false or misleading representation involved an inherent or material quality of the product." Id. at 63 (citation omitted). "In other words, the allegedly false statement must be likely to influence purchasing decisions." Id. (citation omitted).

To plausibly allege injury, the plaintiff must "allege an

injury to a commercial interest in reputation or sales." Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 132 (2014). That injury must be proximately caused by the Lanham Act violation. Id. "[A]lthough such injury may be presumed from a direct competitor's false comparative advertising claim, in all other cases, a plaintiff must present some affirmative indication of actual injury and causation." Souza v. Exotic Island Enterprises, Inc., 68 F.4th 99, 119 (2d Cir. 2023) (citation omitted). Thus, competitors who plausibly allege an injury -- whether it be in lost sales, another commercial injury or an injury to their reputation -- may bring a false advertising claim even when the competitor and its products are not mentioned in the advertising. See Zesty Paws LLC v. Nutramax Lab'ys., Inc., No. 23cv10849 (LGS), 2024 WL 2853622, at *6 (S.D.N.Y. June 4, 2024); Evergreen East Coop. v. Bottomley Evergreens & Farms, Inc., et al., 20cv184 (AJN), 2021 WL 1163799, at *3 (S.D.N.Y. Mar. 26, 2021); Merck Eprova AG, Gnosis S.p.A., 901 F.Supp.2d 436, 448 (S.D.N.Y. 2012).

The complaint sufficiently alleges that Papaya's representations about the nature of its games are impliedly false. The complaint plausibly alleges that Papaya employs bots as "players" in its competitions while creating the impression that all players will be human competitors. Its references to "players", "individuals", "winners", "fair" and "skill-based"

7

may be found by a jury to imply that Papaya's games of competition are conducted among human players only and not among humans and bots.

The defendants argue that the complaint fails to plausibly plead falsity because it fails to point to any statement made by Papaya that it does not use bots. While a false denial about the use of bots would be actionable, it is not the only way in which a consumer may be misled. The plaintiff has adequately pleaded falsity from the statements that Papaya did make.

The defendants also argue that their use of bots would not necessarily render their games unfair. This argument misses the mark. The issue is not whether bots have been unfairly employed but whether consumers were misled about the presence of bots in the game.

The complaint also plausibly alleges that Papaya's representations regarding who is playing in the competition are material. The representations concern a material quality of the Papaya platform. To bolster this argument, the complaint recites negative online reviews of Papaya games in which those posting the reviews complain about Papaya's use of bots.

The defendants argue that these online reviews are not reliable evidence of materiality and will be inadmissible at trial. The complaint plausibly pleads materiality even without the allegations regarding the reviews. In any event, the

admissibility of the evidence of online reviews will depend on the purpose for which that evidence is offered and will be addressed at the summary judgment stage or trial. It is not error to rely upon it in a pleading. See Lynch v. City of New York, 952 F.3d 67, 82 (2d Cir. 2020).

Finally, the complaint adequately alleges that Skillz has been injured as a result of Papaya's representations. The complaint plausibly alleges that Skillz has lost players to Papaya because of Papaya's unfair competition. The complaint explains that in this online gaming world, players are not likely to switch between platforms once they have decided on which to join. Instead, they are motivated to build up in-game rewards and accomplishments on a single platform. Accordingly, when players have joined Papaya because of its false advertising, these players are often lost to its competitors.

The defendants argue that the plaintiff's claim of injury is too conclusory, particularly because there may be several reasons why consumers would choose to play Papaya games rather than Skillz games. Skillz has adequately pleaded an injury from Papaya's false advertising through a loss of sales and market share. While a difficulty in quantifying its monetary losses may prevent it from obtaining an award of damages, it would not prevent that it from obtaining injunctive relief and disgorgement, which it has also sought. See Lexmark, 572 U.S.

at 135.

II. GBL § 349

The plaintiff's second claim is brought under the GBL. Section 349 of the GBL prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). A plaintiff bringing a claim under § 349 must allege that the defendants are "engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." McCracken v. Verisma Systems, Inc., 91 F.4th 600, 607 (citation omitted). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." Id. (citation omitted).

Section 349 authorizes claims brought by "any person who has been injured by reason of any violation of this section." N.Y. Gen. Bus. Law § 349(h). Section 349 "allows recovery by non-consumers if there is some harm to the public at large." Electra v. 59 Murray Enter., Inc., 987 F.3d 233, 258 (2d Cir. 2021) (citation omitted). But "to successfully state a claim under § 349 the gravamen of the complaint must be consumer injury or harm to the public interest." Id. (citation omitted).

The complaint adequately alleges a violation of § 349. The

complaint identifies consumer-oriented conduct by the defendant, specifically Papaya's representations to the public about the players in its games. And, as described above, the complaint plausibly pleads that those representations are materially misleading and have injured Skillz.

Papaya treats the GBL claim and the Lanham Act claim as identical for purposes of this motion and makes no separate argument regarding the failure to plead the GBL claim. Accordingly, the motion to dismiss the GBL claim fails as well.

## Conclusion

The defendants' May 6, 2024 motion to dismiss is denied.

Dated: New York, New York
July 23, 2024

DENISE COTE
United States District Judge