```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :       24cv1646(DLC)
SKILLZ PLATFORM INC.,                    :
                                         :       Opinion and Order
                             Plaintiff,  :
            -v-                          :
                                         :
PAPAYA GAMING, LTD., et al.,             :
                                         :
                             Defendants. :
                                         :
---------------------------------------- X
                                         :
PAPAYA GAMING, LTD., et al.,             :
                                         :
            Counterclaim Plaintiffs,     :
                                         :
            -v-                          :
                                         :
SKILLZ PLATFORM INC.,                    :
                                         :
            Counterclaim Defendant       :
                                         :
                 and                     :
                                         :
TETHER STUDIOS, LLC, et al.,             :
                                         :
   Additional Counterclaim Defendants.   :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Skillz Platform Inc.:
Craig Carpenito
Amy Katherine Nemetz
Jessica C. Benvenisty
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Lazar Pol Raynal
Michael Anthony Lombardo
King & Spalding LLP
110 N Wacker Drive

```
Suite 3800
Chicago, IL 60606
```

For defendants Papaya Gaming, Ltd., and Papaya Gaming, Inc.:
```
Anthony Joseph Dreyer
Jordan Adam Feirman
Michael A. McIntosh
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

David B. Leland
Margaret E. Krawiec
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005
```

DENISE COTE, District Judge:

Defendants Papaya Gaming, Ltd., and Papaya Gaming, Inc., (collectively, "Papaya") moved on October 25, 2024 for reconsideration of the Opinion of October 11. Skillz Platform Inc. v. Papaya Gaming, Ltd., No. 24cv1646 (DLC), 2024 WL 4471684 (S.D.N.Y. Oct. 11, 2024) ("October 11 Opinion"). The October 11 Opinion overruled Papaya's objection to producing employee communications and company documents requested by the plaintiff Skillz Platform Inc. ("Skillz") outside of procedures established by the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, opened for signature Mar. 18, 1970, 23 U.S.T. 2555 ("Hague Convention"). The October 11 Opinion is incorporated by reference, and familiarity with it is assumed. For the following reasons, the motion is denied.

2

## Discussion

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170 (citation omitted).

Papaya grounds its motion on the purported need for its Israeli law expert, Dan Hay, to respond to Skillz's Israeli law expert, Noga Rubinstein, who submitted a September 20 declaration in opposition to Hay's September 13 declaration. Papaya's motion fails. Its submission of Hay's supplemental declaration is untimely and not allowed by the local rules. Even considering the substance of Hay's declaration and Papaya's arguments, however, there is no basis to conclude that reconsideration is warranted.

First, any suggestion that Papaya did not have an adequate opportunity to challenge Skillz's characterization of Israeli law is unfounded. An Order of September 6 invited briefing from both parties on this issue. In response to Papaya's September 13 submission, Skillz submitted its brief and Rubinstein's declaration on September 20. An October 1 conference included discussion with Papaya's counsel of its Hague Convention position. And an Order of October 1 invited another submission from Papaya, which it filed on October 8. In the three weeks between September 20 and October 11, Papaya possessed Rubinstein's declaration but never submitted anything reflecting its belief that Rubinstein "fundamentally misstated Israeli law" and "led the Court astray," as it now claims. Nor did it request leave to obtain a second declaration from Hay. Papaya waited too long to now claim that its briefing required supplementation.

Second, Papaya's October 25 submission of Hay's supplemental declaration is improper. Local Rule 6.3 states that, in moving for reconsideration, "[n]o party may file any affidavits unless directed by the court." No such direction was issued here.

Third, even considering the substance of Hay's declaration, none of Papaya's arguments meet the "strict" standard for

4

reconsideration.  The only "new" law that Papaya cites is a webpage from the Israeli Privacy Protection Authority stating that Section 2(8) of Israel's Data Transfer Regulations ("Regulations") does not permit the transfer of data from databases in Israel to databases in the United States. Rubinstein disagrees, but it is not clear the Regulations apply anyway given that Papaya's databases are not actually located in Israel.  Nor does Papaya explain why this webpage, which existed well before October 11, is properly considered on a motion for reconsideration.

   Papaya's other arguments, and Hay's declaration underlying them, do not justify reconsideration either.  They do not alter the conclusion of the October 11 Opinion that Rubinstein's opinion was more persuasive than Hay's.  For instance, Hay's characterization of the Privacy Protection Law's ("PPL") safe harbor as only applying to violations committed "due to some error" does not make sense given that the defense covers violations "committed under circumstances in which the perpetrator had a legal, moral, social or professional duty to do so."  Hay's repeated assertions that disclosure of employees' names and positions would amount to a significant invasion of privacy is clearly inaccurate given that hundreds of them are posted online.  And Hay's claim that he now believes Papaya's

5

disclosure of user data to be acceptable due to their anonymization is not credible after he acknowledged and rejected just that argument in his initial declaration. Papaya's arguments regarding the October 11 Opinion's analysis of the remaining comity factors largely repeat its prior arguments and provide no more of a basis to justify reconsideration.

### Conclusion

Papaya's October 25, 2024 motion for reconsideration is denied.

Dated:   New York, New York
         November 20, 2024

                                     _____
                                          DENISE COTE
                                     United States District Judge

6