# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas 34th Floor
New York, New York 10036

Craig Carpenito
Partner
Direct Dial: +1 212 556 2142
ccarpenito@kslaw.com

March 24, 2025
**BY ECF**
The Honorable Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1910
New York, NY 10007

*The application is granted to the extent it seeks a protective order barring Mr. Findlay's deposition on 3/28/25.*

*Denise Cote*
*3/25/25*

      Re:  ***Skillz Platform Inc. v. Papaya Gaming, Ltd. and Papaya Gaming, Inc.,***
           **No. 1:24-cv-01646-DLC (S.D.N.Y.)**

Dear Judge Cote,

     We write on behalf of nonparty Luke Findlay,[1] a former employee of Skillz Platform Inc. ("Skillz"), to seek a protective order concerning a deposition subpoena served by Papaya Gaming, Ltd. and Papaya Gaming, Inc. (together, "Papaya") which would compel Mr. Findlay to risk extreme prejudice to his career in order to appear for a deposition this Friday, March 28, 2025. I certify that we have attempted to confer with Papaya in an effort to resolve this dispute but, as discussed in further detail below, counsel for Papaya refused to do so.

     Mr. Findlay is a former employee of Skillz. He was not a custodian whose documents were searched in discovery in this litigation. Papaya did not identify Mr. Findlay as a potential deponent until March 12, 2025 – less than three weeks before the close of the fact discovery period in this case. Ex. A at 7 (Mar. 12, 2025 email from J. Feirman). Papaya was told on March 17, 2025 that Mr. Findlay is unavailable to testify because he cannot take time away from his current professional responsibilities as a data scientist for Meta. *Id*. at 6 (Mar. 17, 2025 email from A. Nemetz).

     Despite knowing that the witness is unavailable, Papaya insisted on serving Mr. Findlay with a deposition subpoena requiring him to appear to testify on March 28, 2025. Ex. B (dated March 18, 2025). We again informed Papaya's counsel, by letter dated March 20, 2025, that Mr. Findlay's "primary professional responsibility is a high priority product launch set to occur around March 27, 2025," which typically requires "over 50 hours per week" of work, and will continue to "require extensive attention in the preceding and following *weeks*" of at least "50 hours per week." Ex. C. We reiterated that forcing Mr. Findlay to appear for a deposition at this time unnecessarily risked harming his career. And we asked – both in the letter and in a follow up email – to meet and confer with Papaya's counsel concerning how to resolve this issue. *Id.*; Ex. A at 3 (Mar. 20, 2025 email from A. Nemetz). Despite having been admonished (more than once) to cooperate in the scheduling of depositions in this litigation, Papaya's counsel refused, insisting that Papaya "expect[s] Mr. Findlay to comply with the subpoena" or face being subjected to fees and costs. Ex. A at 1 (Mar. 24, 2025 email from M. McIntosh).

     Mr. Findlay therefore requires intervention from this Court in the form of a protective order

---

[1] Skillz has extended King & Spalding's representation to Mr. Findlay in connection with his deposition in this litigation.

March 24, 2025
Page 2

against Papaya's harassment tactics. Under Rule 26(c), "any person from whom discovery is sought may move for a protective order in the court where the action is pending." *See also* Fed. R. Civ. P. 26(b)(2)(C) (requiring courts to "limit the frequency or extent of discovery otherwise allowed by the [Rules of Civil Procedure] or by local rule if it determines that (i) the discovery sought… can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information…"). Relatedly, under Rule 45, the Court "must quash or modify a subpoena that… subjects a person to undue burden on timely motion from a party or non-party." *See also* Fed. R. Civ. P 45(d)(1) (requiring any party or attorney serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). "When ruling on such a motion, the Court must weigh the need of the party seeking discovery against any undue hardships created by permitting it, and consider the potential discovery's relevance, the requesting party's need, the breadth of the request, and the burden imposed." *Satanic Temple, Inc. v. City of Bos., MA*, 2022 WL 1028925, at *3 (D. Mass. Apr. 6, 2022) (cleaned up).

   ***"[I]t is in exceptionally bad faith to intentionally notice a deposition for a date and time when a party knows the deponent will be unavailable or greatly inconvenienced."*** *Id.*, at *6, *aff'd* 111 F.4th 156, 181 (1st Cir. 2024). Mr. Findlay has provided specific facts and details explaining that he could be terminated from his employment if he takes a full day away from his responsibilities to be deposed in this litigation. Skillz has no control over Mr. Findlay's availability or lack thereof. On the other hand, Papaya has no good reason for requiring (a) Mr. Findlay's testimony (as opposed to testimony from any other Skillz employee who worked with Mr. Findlay, some of whom were document custodians and/or are listed on Skillz's discovery disclosures), (b) on short notice, and (c) a date that is absolutely unworkable for him. Protective orders are often entered under analogous circumstances. *E.g.*, *Satanic Temple*, 2022 WL 1028925, at *3; *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 139 (W.D. Wash. 2016) (holding witness's "representations" that his "obligations preclude him from traveling to" deposition location "are sufficient to support a finding of hardship and entitlement to a Protective Order"); *Protegrity Corp. v. Voltage Sec., Inc.*, 2013 WL 6880597, at *1–2 (D. Conn. Dec. 31, 2013) (entering protective order against deposition notice served "four days before the close of fact discovery").

   It is Papaya's fault alone for failing to identify *any* additional deponents beyond Skillz's Rule 30(b)(6) designee, CEO, and former Vice President of Marketing until February 25, 2025. *See* Ex. A at 11-12 (Feb. 25, 2025 email from J. Feirman). Mr. Findlay is not unwilling to testify; Papaya could have arranged to take his deposition on a date when he was available and within the discovery period if it had only asked earlier. Papaya's delay does not justify forcing Mr. Findlay to face a Hobson's choice of complying with legal process and risking his livelihood.

   Accordingly, Mr. Findlay respectfully requests that the Court enter a protective order against the subpoena commanding him to appear for a deposition on March 28, 2025.[2]

---

[2] Papaya cannot show good cause for taking Mr. Findlay's deposition out of time. Mr. Findlay appeared on documents produced by Skillz in discovery in December 2024; nevertheless, Papaya did not express any interest in deposing Mr. Findlay until three months later, on March 12, 2025, less than three weeks before the end of the discovery period. Papaya exercised no diligence in seeking Mr. Findlay's testimony, except to swiftly serve Mr. Findlay with a subpoena requiring him to testify on a date when he is unavailable. Nor can Papaya show that Mr. Findlay—instead of the *ten* individuals and custodians identified by Skillz, let alone any other current employee—is the only source of the testimony it seeks. *See, e.g.*, *Protegrity*, 2013 WL 6880597, at *1–2 (refusing to grant extension for failure to show good cause and because extension would "impermissibly extend the discovery period").

March 24, 2025
Page 3

Respectfully submitted,

*/s/ Craig Carpenito*
Craig Carpenito
*Attorney for Skillz Platform Inc.*

cc:    All Counsel of Record (via ECF)