# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas 34th Floor
New York, New York 10036

Craig Carpenito
Partner
Direct Dial: +1 212 556 2142
ccarpenito@kslaw.com

March 25, 2025

**BY ECF**

The Honorable Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1910
New York, NY 10007

*Granted.*

*/s/ Denise Cote*
*3/26/25*

    Re:    *Skillz Platform Inc. v. Papaya Gaming, Ltd. and Papaya Gaming, Inc.*,
            No. 1:24-cv-01646-DLC (S.D.N.Y.)

Dear Judge Cote,

      We write on behalf of Skillz Platform Inc. ("Skillz") to request a protective order pursuant to Rule 26(c) governing the scope of the deposition of former Skillz employee and third party, Orit Peleg, which is noticed for March 27, 2025. Papaya Gaming, Ltd.'s ("Papaya") recently filed complaint against alleged co-conspirators of Skillz for allegedly defaming Papaya through the 4FairPlay organization has made clear that, even though this Court dismissed identical claims against Skillz, Papaya intends to use Ms. Peleg's deposition in this case as an improper discovery vehicle for its new action. It is black letter law that Papaya cannot examine Ms. Peleg on counterclaims this Court has stricken; nor can Papaya use depositions in this case as a fishing expedition to gather information for another case. Indeed, Skillz is informed that Papaya has already stated an intent to move for expedited discovery in the Virginia action because it intends to amend its complaint in the Virginia case using information learned through discovery in this action. *See* Lombardo Declaration ¶ 4. Despite having no good faith basis to continue to seek discovery into its dismissed counterclaims, Papaya has confirmed its intent to ask Ms. Peleg questions regarding its dismissed counterclaims related to 4FairPlay absent a protective order from this Court. Ex. A. Accordingly, good cause exists for entry of an order limiting Papaya's deposition of Ms. Peleg to live claims and defenses in this matter.

      Rule 26(c) permits a party to move for a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). A protective order is warranted because forcing Ms. Peleg to be deposed regarding dismissed counterclaims related to the 4FairPlay website and organization would pose oppression, undue burden, and harassment on a third party to this action. ECF No. 234.

      ***A protective order is warranted because the 4FairPlay counterclaims were dismissed and are no longer relevant to the claims and defenses in this litigation.*** "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (interpreting discovery rules liberally "does not license opposing counsel to discover anything and everything. Limitations are imposed on discovery sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized

March 25, 2025
Page 2

privilege."). Clear precedent dictates that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to issues in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *Paper Corp. of U.S. v. Schoeller Tech. Papers, Inc.*, 759 F. Supp. 1039, 1048 (S.D.N.Y. 1991) (holding that "while the phrase 'relevant to any subject matter involved in the pending action' has been construed broadly. . . drawing the line at stricken claims . . . seems an appropriate boundary.") (cleaned up).

Here, any inquiry regarding 4FairPlay has no possible relevance to the remaining claims and defenses in this action, which no longer include any allegations regarding 4FairPlay or even any statements by Skillz regarding Papaya. Instead, Papaya's remaining counterclaims in this action consist only of claims based on Skillz's representations regarding its own platform's matchmaking and withdrawals. ECF No. 234. Without the 4FairPlay counterclaims or any logical nexus to the remaining claims and defenses, the 4FairPlay site has "no relevance in this case." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 436 (S.D.N.Y. 2019) (finding good cause and issuing protective order limiting discovery where allegations regarding trademark functionality in defendant's affirmative defenses were stricken and functionality was irrelevant to the remaining claims and defenses). Papaya's assertion, without explanation, that 4FairPlay relates to its "unclean hands" defense ignores caselaw requiring a nexus between Skillz's alleged misconduct and the claims Papaya seeks to defend against. *Specialty Mins., Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005); *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).

***Further, a protective order should be granted because Papaya's efforts to depose Ms. Peleg regarding 4FairPlay constitute improper use of discovery to prosecute another litigation.*** A party may not use discovery in one litigation to plumb for information to use in another. "In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer*, 437 U.S. at 352 n.17. "Likewise, discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery." *Id.*

Unable to take "no" for an answer, Papaya recently brought new litigation against the 4FairPlay organization and related third-parties in the Eastern District of Virginia asserting the same claims as Papaya's now-dismissed 4FairPlay counterclaims against Skillz. Papaya has already stated its intent to move for expedited discovery in the Virginia action so it can amend its complaint ***using information learned through discovery in this action***. Lombardo Decl. ¶ 4. Papaya's efforts to depose Ms. Peleg regarding 4FairPlay in this matter operate as an impermissible backdoor to receiving early discovery to assist its prosecution of that matter. *Devlin v. Transportation Commc'ns Int'l Union*, 2000 WL 28173, at *5 (S.D.N.Y. Jan. 14, 2000) (granting protective order limiting discovery regarding dismissed claims where, "[a]part from its connection to the dismissed [claim]," the information was "only pertinent to the extent that the plaintiffs could use it" in another action) (cleaned up). As Papaya told this Court on Monday, it will be up to the Eastern District of Virginia to decide the permissible scope of discovery in that litigation. ECF No. 312 at 2. Accordingly, Skillz respectfully requests the Court enter a protective order preventing Papaya from deposing Ms. Peleg in this litigation regarding the 4FairPlay organization and website.

March 25, 2025
Page 3

                                                    Respectfully submitted,

                                                    */s/ Craig Carpenito*
                                                    Craig Carpenito
                                                    *Attorney for Skillz Platform Inc.*

cc:     All Counsel of Record (via ECF)