UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :   24cv1646(DLC)
SKILLZ PLATFORM INC.,                 :
                                      :        Order
                          Plaintiff,  :
                                      :
              -v-                     :
                                      :
PAPAYA GAMING, LTD., et al.,          :
                                      :
                          Defendants. :
                                      :
------------------------------------- X
                                      :
PAPAYA GAMING, LTD., et al.,          :
                                      :
              Counterclaim Plaintiffs,:
                                      :
              -v-                     :
                                      :
SKILLZ PLATFORM INC.,                 :
                                      :
              Counterclaim Defendant, :
                                      :
              and                     :
                                      :
GOLDEN WOOD COMPANY, LTD.,            :
                                      :
     Additional Counterclaim Defendant.:
                                      :
------------------------------------- X

DENISE COTE, District Judge:

On March 20, 2025, the plaintiff filed a letter requesting the unsealing of portions of documents previously filed by the parties in this case. In two letters of March 24, the defendants opposed the plaintiff's March 20 request. An Order of March 26 denied the plaintiff's request. Separately, an Opinion of March 26 denied the defendants' March 3 motion for leave to file second amended counterclaims. Later on March 26,

the defendants submitted a letter requesting that the March 26 Opinion be removed from the public docket and that the defendants be allowed to propose redactions to information that the parties designated as protected by the June 28, 2024 Protective Order.

"A judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (citation omitted). "Such documents are presumptively public so that the federal courts have a measure of accountability and so that the public may have confidence in the administration of justice." Id. (citation omitted). The weight of the common law presumption of access "is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as the privacy interests of those resisting disclosure." Id. at 142 (citation omitted). "The locus of the inquiry is, in essence, whether the document is presented to the court to invoke its powers or affect its decisions." Id. (citation omitted).

The parties were heard with respect to the plaintiff's March 20 request, which referred to information subsequently

included in the March 26 Opinion. The reasons given by the defendant for withholding the relevant information from public view did not meet the Second Circuit's standard for overcoming the presumption of public access. The parties' agreement reflected in the June 28 Protective Order is not sufficient to meet this standard. See Lugosch v. Pyramid Co. of Onandaga, 435 F.3d 110, 126 (2d Cir. 2006). Accordingly, it is hereby

ORDERED that the defendants' March 26 request is denied. The decision to not revisit prior redaction requests, which would impose substantial burden on the parties and is reflected by the March 26 Order denying the plaintiff's March 20 request, is a separate issue from whether information should be redacted from a publicly filed opinion. Going forward, however, requests to seal or proposals to redact shall be justified by application of the governing standard in Bernstein and Lugosch.

Dated:   New York, New York
         March 27, 2025

_____
DENISE COTE
United States District Judge

3