**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation, | |
| Plaintiff, | Civil Action No. 1:24-cv-01646-DLC |
| -against- | Hon. Denise L. Cote |
| PAPAYA GAMING, LTD., a foreign corporation; and PAPAYA GAMING, INC., a Delaware Corporation, | |
| Defendants. | |

**PLAINTIFF SKILLZ PLATFORM INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PAPAYA GAMING, LTD.'S <u>COUNTERCLAIMS AND DEFENDANTS' AFFIRMATIVE DEFENSES</u>**

KING & SPALDING LLP
Craig Carpenito
ccarpenito@kslaw.com
Amy Nemetz
anemetz@kslaw.com
Curtis R. Crooke
curtis.crooke@kslaw.com
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2222

Lazar P. Raynal (*pro hac vice*)
lraynal@kslaw.com
Michael A. Lombardo (*pro hac vice*)
mlombardo@kslaw.com
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330

*Attorneys for Skillz Platform Inc.*

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ...................................................................................1

II.  RELEVANT BACKGROUND ..................................................................................2

    A.  After Skillz Sued Papaya for False Advertising, Papaya Filed Baseless, Retributive Counterclaims to Distract from Its Wrongdoing. ...................2

    B.  Skillz's Business Practices Are Legitimate, Do Not Use Bots, and Are Accurately Described in Its Advertising..................................................4

        1.  Skillz's Skill-Based Matchmaking Practices Protect Fairness. ..................4

        2.  Skillz Has Never Used Bots and Cannot Control the Outcome of Tournaments. ...................7

        3.  Skillz's Advertising Accurately Represents Its Product............................7

        4.  Skillz's Successful Business Inspired Copycats, Like Papaya. ..................8

    C.  Papaya's Use of Bots, and False Representations About that Business Practice, Enabled It to Reap Financial Gains........................................8

III.  LEGAL STANDARD .............................................................................................10

IV.  ARGUMENT ...........................................................................................................11

    A.  Skillz Is Entitled to Summary Judgment on Papaya's False Advertising Claims. ...................11

        1.  Papaya Cannot Prove Injury, a Necessary Element Under the Lanham Act...................11

        2.  The Challenged Statements Are Neither False Nor Misleading...............14

            i.  Papaya Cannot Prove That Any of the Challenged Statements Is Literally False..........................14

            ii.  Papaya Has No Extrinsic Evidence Proving Any of the Challenged Statements Are Impliedly False or Misleading. .........18

        3.  Papaya Cannot Prove Entitlement to Injunctive Relief as a Matter of Law. ...................20

    B.  Skillz Is Entitled to Summary Judgment on Papaya's New York General Business Law § 349 Claim. ...................21

    C.  Skillz Is Entitled to Summary Judgment on Papaya's Civil Conspiracy Claim...................21

    D.  Skillz Is Entitled to Summary Judgment on Papaya's Affirmative Defenses...................22

        1.  Papaya Cannot Prove That Skillz Acted with Unclean Hands. ................23

2.    Papaya's Other Affirmative Defenses Are Devoid of Evidentiary
Support or Subject to Dismissal as a Matter of Law. ...............................25

V.    CONCLUSION...................................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT&T Corp. v. Atos IT Sols. & Servs., Inc.*,
  714 F. Supp. 3d 310 (S.D.N.Y. 2024)...............................................................21, 22

*Avis Rent A Car System, Inc. v. Hertz Corp.*,
  782 F.2d 381 (2d Cir. 1986)..............................................................................15, 16

*Balderramo v. Go N.Y. Tours Inc.*,
  668 F. Supp. 3d 207 (S.D.N.Y. 2023).....................................................................23

*Can't Live Without It, LLC v. ETS Express, Inc.*,
  287 F. Supp. 3d 400 .................................................................................................21

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*,
  843 F.3d 48 (2d Cir. 2016)................................................................................14, 19

*Coach, Inc. v. Kmart Corps.*,
  756 F. Supp. 2d 421 (S.D.N.Y. 2010)...............................................................25, 26

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y.3d 777 (2012) ...............................................................................................26

*Coty Inc. v. Excell Brands, LLC*,
  277 F. Supp. 3d 425 (S.D.N.Y. 2017)......................................................................26

*Dependable Sales & Serv., Inc. v. TrueCar, Inc.*,
  377 F. Supp. 3d 337 (S.D.N.Y. 2019)......................................................................10

*Dependable Sales & Serv., Inc. v. TrueCar, Inc.*,
  394 F. Supp. 3d 368 (S.D.N.Y. 2019)...........................................................10, 12, 14

*Emmpresa Cubana Del Tabaco v. Culbro Corp.*,
  213 F. Supp. 2d 247 (S.D.N.Y. 2002)......................................................................25

*Engine Cap. Mgmt., LP v. Engine No. 1 GP LLC*,
  2021 WL 1372658 (S.D.N.Y. Apr. 12, 2021)..........................................................21

*F.D.I.C. v. Giammettei*,
  34 F.3d 51 (2d Cir. 1994)..........................................................................................22

*Fed. Trade Comm'n v. Vyera Pharms., LLC*,
  2021 WL 5300019 (S.D.N.Y. Nov. 15, 2021)..........................................................13

*Fischer v. Forrest*,
  286 F. Supp. 3d 590 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) .............................19

*Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*,
  2022 WL 1997207 (S.D.N.Y. June 6, 2022) ...........................................................................13

*Genus Lifesciences Inc. v. Lannett Co.*,
  378 F. Supp. 3d 823 (N.D. Cal. 2019) ...................................................................................11

*Gross v. Bare Escentuals Beauty, Inc.*,
  641 F. Supp. 2d 175 (S.D.N.Y. 2008)..............................................................................25, 26

*I Dig Tex., LLC v. Creager*,
  98 F.4th 998 (10th Cir. 2024) ................................................................................................16

*Int'l Code Council, Inc. v. UpCodes Inc.*,
  43 F.4th 46 (2d Cir. 2022) .....................................................................................................21

*Jackpocket, Inc. v. Lottomatrix NY LLC*,
  645 F. Supp. 3d 185 (S.D.N.Y. 2022).....................................................................................20

*JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*,
  710 F. Supp. 3d 259 (S.D.N.Y. 2024).....................................................................................21

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)................................................................................................................12

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018)...............................................................................23, 24

*Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*,
  2024 WL 3638054 (S.D.N.Y. Aug. 2, 2024) ..........................................................................13

*Marine Midland Bank v. Slyman*,
  995 F.2d 362 (2d Cir. 1993)...................................................................................................23

*McLean v. Garage Mgmt. Corp.*,
  819 F. Supp. 2d 332 (S.D.N.Y. 2011).....................................................................................10

*Merck Eprova AG v. Gnosis S.p.A.*,
  760 F.3d 247 (2d Cir. 2014)..............................................................................................12, 14

*OPA (Overseas Pub. Ass'n) Amsterdam BV v. Am. Inst. of Physics*,
  973 F. Supp. 414 (S.D.N.Y. 1997) .........................................................................................15

*Pentacon BV v. Vanderhaegen*,
  725 F. Supp. 3d 350 (S.D.N.Y. 2024).....................................................................................22

*Playtex Prods., LLC v. Munchkin, Inc.*,
   2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016) .................................................................19

*Reckitt Benckiser Inc. v. Motomco Ltd.*,
   760 F. Supp. 2d 446 (S.D.N.Y. 2011).........................................................................14

*SEC v. Airborne Wireless Network*,
   2023 WL 5938527 (S.D.N.Y. Sept. 12, 2023)...........................................................12

*Skillz Platform Inc. v. Papaya Gaming, Ltd.*,
   2025 WL 438387, at *6 (S.D.N.Y. Feb. 7, 2025)............................................21, 22

*Souza v. Exotic Island Enters., Inc.*,
   68 F.4th 99 (2d Cir. 2023) ...........................................................10, 11, 12, 13

*Spark DSO, LLC v. Ormco Corp.*,
   2022 WL 613165 (E.D. Pa. Mar. 2, 2022)...................................................................20

*Specialty Minerals, Inc. v. Pluess-Staufer AG*,
   395 F. Supp. 2d 109 (S.D.N.Y. 2005).................................................................23, 24

*Spin Master Ltd. v. Alan Yuan's Store*,
   325 F. Supp. 3d 413 (S.D.N.Y. 2018)........................................................................10

*Stokely Van-Camp, Inc. v. Coca-Cola Co.*,
   646 F. Supp. 2d 510, 533–34 (S.D.N.Y. 2009)...........................................................24

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
   497 F.3d 144 (2d Cir. 2007)................................................................14, 15, 18

*Two Hands IP LLC v. Two Hands Am., Inc.*,
   563 F. Supp. 3d 290 (S.D.N.Y. 2021).........................................................................20

*U.S. Secs. & Exch. Comm'n v. Alpine Secs. Corp.*,
   354 F. Supp. 3d 396 (S.D.N.Y. 2018)........................................................................10

*United States v. Certain Real Prop. & Premises Known as: 4003–4005 5th Ave.,
   Brooklyn, NY*,
   55 F.3d 78 (2d Cir. 1995)...................................................................................1, 12

**Statutes**

15 U.S.C. § 1116(a) .............................................................................................20

Plaintiff Skillz Platform Inc. ("Skillz") respectfully submits this memorandum of law in support of its motion for summary judgment, under Federal Rule of Civil Procedure 56, on Counterclaim-Plaintiff Papaya Gaming, Ltd.'s remaining counterclaims and Defendants' Papaya Gaming, Ltd. and Papaya Gaming, Inc. (collectively, "Papaya") affirmative defenses.

## I.    PRELIMINARY STATEMENT

After Skillz publicly exposed Papaya's fraudulent bot practices, which include ████████ ████████████████████████, Papaya countersued Skillz on a litany of theories—ranging from baseless copycat bot claims to infringement of the "expressive elements" of a bingo board to defamation from Skillz's publication of *real* complaints from Papaya customers about Papaya's bot use. Papaya pursued scorched-earth discovery of Skillz to support these theories, most of which failed when they were dismissed with prejudice or voluntarily withdrawn. Then, fearing their fraudulent behavior put them in peril, all five of Papaya's percipient witnesses, including its co-founders, refused to provide any substantive testimony either in defense to Skillz's claims or in support of Papaya's counterclaims, instead invoking their rights against self-incrimination under the Fifth Amendment. Papaya has not identified a single other individual with personal knowledge of the necessary elements of its counterclaims, including, most importantly, that it suffered any harm. Papaya therefore will not be able to meet its burden of proof at trial, which warrants entering summary judgment for Skillz.

Even if Papaya's witnesses had testified under oath, Papaya's counterclaims would still be doomed. Papaya's Lanham Act and N.Y. GBL § 349 claims target language in Skillz's advertisements that is either demonstrably true (because, for example, Skillz has ***never*** sponsored a bot or selected a fake score to cause a real player to lose a cash tournament) or is susceptible to so many reasonable interpretations that, as a matter of law, it is impossible to prove them literally false (for example, that players are matched "fairly"). Nor has discovery sustained any of Papaya's

ever-shifting theories of Skillz's supposed "matching misconduct," let alone demonstrated that Skillz's practices so conflict with its advertising that it misled consumers. Therefore, even if Papaya had adduced plausible evidence of harm, its false advertising and unfair business practice claims would still fail to prove these other necessary elements.

Finally, Papaya's affirmative defenses to Skillz's false advertising and unfair business practice claims also fail. Critically, Second Circuit precedent forecloses Papaya from asserting an "unclean hands" defense to Skillz's claims because—again—Skillz has never engaged in the same underlying conduct as Papaya of deploying bots to manipulate its matches. Papaya also cannot prove that Skillz's claims are untimely, subject to acquiescence, waiver, or estoppel, or that it is entitled to any mitigation or offset of the significant damages suffered by Skillz as a result of Papaya's nefarious and—in the estimation of its own executives—criminal misconduct.

## II.     RELEVANT BACKGROUND

### A.     After Skillz Sued Papaya for False Advertising, Papaya Filed Baseless, Retributive Counterclaims to Distract from Its Wrongdoing.

Skillz and Papaya are two competitors offering real-money skill-based ("RMSB") mobile games, which has grown in popularity over the past ten years into a multi-billion dollar industry. 56.1 ¶¶ 1, 3, 6.[1] ████████████████████████████████████████

████████████████████████████████████████████████

56.1 ¶¶ 8–9, 12. Through Skillz's platform, players compete against each other in tournaments by playing many different skill-based games, which are created by third-party developers and are available for download in the Apple App Store and Samsung Galaxy Store. 56.1 ¶¶ 12, 14. After Skillz created a new and highly valuable RMSB gaming market, copycat competitors—including

---

[1] Citations to the Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment on Papaya's Counterclaims and Affirmative Defenses are abbreviated herein as "56.1 ¶ [#]," and citation to exhibits to the Declaration of Amy Nemetz are abbreviated herein as "56.1 Ex. [X]."

Papaya—released similar mobile games in the same app stores. 56.1 ¶¶ 99–101, 123, 125. Papaya also parroted Skillz's advertising by representing its games as "fair" and "skill-based;" falsely told consumers, regulators, banks, and app stores that it has "no vested interest in who wins or loses," nor does it "profit on the outcome of a Tournament that [Papaya] provide[s]"; and promised that its tournaments are "played by players" who are individuals aged 18 or older; and "strictly prohibited" the "[u]se of robot, mechanical or other forms of pre-programmed entry methods." 56.1 ¶¶ 89, 160–67, 181.

In reality, however, Papaya's tournaments  . 56.1 ¶ 152. giving Papaya a "vested interest" in the outcome that it expressly disclaimed. 56.1 ¶ 146–47, 162; *see also* 56.1 Ex. 40 ).

Skillz sued Papaya on March 4, 2024 under the Lanham Act and New York General Business Law § 349 for its false advertising and deceptive business practices. ECF No. 1. To distract from its own fraudulent conduct, Papaya responded by asserting eight affirmative defenses to Skillz's claims alongside a flurry of retributive counterclaims, only one of which involved bots. ECF Nos. 46, 89. On October 11, 2024, Skillz moved to sever Papaya's unrelated IP counterclaims, which was granted on February 7, 2025, and Papaya then voluntarily dismissed these claims. ECF Nos. 106, 234. The Court also granted Skillz's motion to dismiss Papaya's counterclaims for defamation concerning a website that compiled customer complaints about Papaya's illicit bot usage (which Papaya was later denied leave to replead), and limited Papaya's Lanham Act and N.Y. GBL § 349 counterclaims to advertising of Skillz's own product. ECF No. 234.

The parties exchanged thousands of documents in discovery, took eleven fact depositions, and disclosed eight testifying experts. During fact depositions, however, every Papaya witness with relevant personal knowledge refused to testify on the grounds that he might incriminate himself. 56.1 ¶¶ 102–09. Without any percipient witnesses to testify at trial, Papaya's counterclaims concerning Skillz's advertising cannot survive summary judgment.

**B.      Skillz's Business Practices Are Legitimate, Do Not Use Bots, and Are Accurately Described in Its Advertising.**

Skillz's RMSB mobile games, which are developed by third parties, are accessible to human players through Skillz's proprietary platform that uses Skillz's technology to match human players of similar skill in tournaments where they can compete for real cash prizes. 56.1 ¶¶ 2, 6, 12, 15–16, 23. When players win cash or wish to stop playing on Skillz's platform, they can initiate a withdrawal request at any time. 56.1 ¶ 74. ████████████████████████████████

████████████████████. 56.1 ¶ 80.

**1.      Skillz's Skill-Based Matchmaking Practices Protect Fairness.**

Skillz's platform relies upon ████████████████████████████████████████ to create fair matches. 56.1 ¶ 23. To begin, Skillz's platform ████████████████████████ 56.1 ¶ 24. ████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████. 56.1 ¶¶ 27–29, 36. ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████. 56.1 ¶ 31. ████████████

████████████████████████████████. 56.1 ¶¶ 23, 38. Whichever player earns

the better score is the winner of the tournament, ███████████████████████████

███████████████████. 56.1 ¶ 36.

Skillz has had to solve for challenges to ensure players have an experience that is both

enjoyable and fair. One major challenge is ████████████████████████████████

████████████████████████████. 56.1 ¶ 5. Skillz's platform strikes

a balance by ████████████████████████████████████████. 56.1 ¶¶ 5, 44.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████. 56.1 ¶ 41. ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ 56.1 ¶ 42. ██████████████████

████████████████████████████████████████████████████

███████████████████████████ 56.1 ¶ 45. ██████████████████

██████████████████████████████████████████████ 56.1 ¶ 43.

        ███████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ 56.1 ¶ 46. ██████████████████████████████████

███████████████████████████████████ 56.1 ¶ 47. ██████████████

████████████████████████████████████████████████████

████████████████████████. 56.1 ¶ 48. ██████████████████████

██████████████████████████████. 56.1 ¶ 50; *see also* 56.1 Ex. 11 at 7 (██████



). 

. 56.1 ¶ 49.

A third challenge is ███████. 56.1 ¶¶ 53–54.

. 56.1 ¶¶ 57, 61.

. 56.1 ¶¶ 58, 61.

56.1 ¶ 51, 56.

. 56.1 Ex.  60 at 9.

. 56.1 ¶ 52.

Even Papaya's damages expert (who should not be allowed to testify) admits that,

. 56.1  Ex.  61  at 15.

. 56.1 Ex. 11at 11.

### 2. Skillz Has Never Used Bots and Cannot Control the Outcome of Tournaments.

Unlike the ██████████████████████ deployed by Papaya, Skillz has never



. 56.1 ¶¶ 65; 153.

. 56.1 ¶ 66(a); *see also* 56.1 ¶ 69 (██████████████████████████).

56.1 ¶ 66(b).

56.1 ¶ 66(b).

56.1 ¶¶ 66–68.

### 3. Skillz's Advertising Accurately Represents Its Product.

These techniques allow Skillz to maximize player experience while maintaining fairness. Skillz advertises just that. 56.1 ¶¶ 85–98. Its advertising informs existing and potential customers that they will be matched with players of similar skill, *i.e.*, comparable Skillz ratings. 56.1 ¶¶ 87–90. [2] Nowhere does Skillz claim that ████████████████████████████████████████ ██████████████████. 56.1 ¶ 91.

Skillz correctly advertises that it does not unfairly use bots to compete against and defraud human players in real-money games. 56.1 ¶¶ 65, 85–86, 88, 93, 94. Skillz also states that players can withdraw the cash they deposit or win on the platform at any time. 56.1 ¶ 95.

---

[2] Skillz's website also truthfully discloses that pending games are "a potential side effect of the way that we match" and that "[i]f for some reason we can't find a worthy opponent for you within 7 days, the tournament will be automatically canceled and your cash or Z entry fee will be refunded." 56.1 ¶ 92.



. 56.1 ¶¶ 75–77. Skillz explains to consumers that Skillz takes "extra steps and security precautions" before approving withdrawal requests "[i]n order to ensure fair competition." 56.1 ¶ 96. ███████████████████████████████████████ . 56.1 ¶¶ 79, 97.

### 4. Skillz's Successful Business Inspired Copycats, Like Papaya.

Skillz's business model proved effective and popular over the first several years of its existence, and it was named ████████████████████████████████████████ . 56.1 ¶ 99. Skillz's revenue continued to grow and, in late 2020, it became the first RMSB gaming company to go public ██ ██████████████ . 56.1 ¶ 100. Skillz's revenue grew between the years of 2017 and 2021, ████████████████ . 56.1 ¶ 101.

### C. Papaya's Use of Bots, and False Representations About that Business Practice, Enabled It to Reap Financial Gains.

Seeking to capitalize on Skillz's success, Papaya entered the RMSB mobile gaming market in 2016 by offering several games similarly named and similar looking to Skillz's games, through the same channels, to similar consumers, such as "Solitaire Cash" (*compare* "Solitaire Cube"), Bingo Cash (*compare* "Blackout Bingo"), and "21 Cash" (*compare* "21 Blitz"). 56.1 ¶¶ 110, 123–25. ████████████████████████████████████ however, Papaya has also used ██ ████████████████████████████████████████████ . 56.1 ¶¶ 135, 153. Papaya calls ████████████████ ████████████ . 56.1 ¶ 150. Papaya has painstakingly attempted to ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████



. 56.1 ¶¶ 153–55 & Ex. 41 Papaya has purposefully

. 56.1 ¶¶ 156–57.

. 56.1 ¶ 177. When , Papaya . 56.1 ¶¶ 183–84.

. 56.1 ¶ 185.

As a direct result of . 56.1 ¶ 186. In fact,

. 56.1 ¶¶ 140, 187. Throughout, Papaya has pervasively and falsely advertised that its games were "fair" and "skill-based;" that it has "no vested interest in who wins or loses," and does not "profit on the outcome of a Tournament"; that its tournaments are "played by players" who are 18 years of age or older, and that the "[u]se of robot, mechanical or other forms of pre-programmed entry methods is strictly prohibited." 56.1 ¶¶ 160–67.

### III.    LEGAL STANDARD

"Summary judgment 'shall' be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 377 F. Supp. 3d 337, 345 (S.D.N.Y.) (quoting Fed. R. Civ. P. 56(a)), *on reconsideration*, 394 F. Supp. 3d 368 (S.D.N.Y. 2019). "[W]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim[s]." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (cleaned up). The non-movant "must 'demonstrate more than some metaphysical doubt as to the material facts.'" *Dependable Sales*, 377 F. Supp. 3d at 346 (citation omitted).

"Summary judgment may be granted if the evidence cited by the nonmovant is merely colorable or is not significantly probative." *U.S. Secs. & Exch. Comm'n v. Alpine Secs. Corp.*, 354 F. Supp. 3d 396, 411 (S.D.N.Y. 2018) (cleaned up). "Only disputes over material facts—facts that might affect the outcome of the suit under the governing law—will properly preclude the entry of summary judgment." *McLean v. Garage Mgmt. Corp.*, 819 F. Supp. 2d 332, 335 (S.D.N.Y. 2011) (cleaned up). The non-movant "cannot 'rely merely on allegations or denials' contained in the pleadings." *Id.* (quoting Fed. R. Civ. Pro. 56(e)). Additionally, "'[c]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment,' as is 'mere speculation or conjecture as to the true nature of the facts.'" *Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 420 (S.D.N.Y. 2018) (citations omitted).

## IV.    ARGUMENT

### A.    Skillz Is Entitled to Summary Judgment on Papaya's False Advertising Claims.

Papaya's Lanham Act counterclaims challenge Skillz's advertisements that (1) "Every Skillz tournament is between real players. Never bots" (*e.g.*, ECF No. 89 ("FAC") ¶ 25); (2) Skillz matches "players with similar skill levels, ensuring that every game is evenly matched and every player has a fair chance to win" (*id.* ¶ 210); and (3) Skillz's customers can "reliably cash out at anytime" (*id.* ¶ 287), and other similar advertisements (collectively, the "Challenged Statements").

To prevail, Papaya must establish that Skillz's messages are "(1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury." *Souza*, 68 F.4th at 118. Papaya cannot establish the first and fourth elements.[3]

### 1.    Papaya Cannot Prove Injury, a Necessary Element Under the Lanham Act.

Papaya does not even attempt to offer any evidence establishing any injury to its business caused by Skillz's Challenged Statements. The record also establishes Papaya's significant financial success in the RMSB mobile gaming industry, achieved at Skillz's expense, and no witness offered any testimony that could create a colorable issue of fact under these circumstances.

The Lanham Act requires Papaya to establish that the allegedly false advertising was "the cause of actual or likely injury to" its business in the form of "economic or reputational injury flowing *directly* from the deception wrought by [Skillz]'s advertising" by causing consumers "to withhold trade from" Papaya. *Souza*, 68 F.4th at 118 (emphasis in original) (quoting *Lexmark Int'l,*

---

[3] Certain statements that Papaya alleges to be false were made by Skillz's CEO Andrew Paradise during earnings calls. *See* FAC ¶¶ 215–16, 263. Papaya cannot establish the third element with respect to those statements because they do not constitute commercial advertising. *See, e.g., Genus Lifesciences Inc. v. Lannett Co.*, 378 F. Supp. 3d 823, 834–36 (N.D. Cal. 2019) (ruling that earnings call statements are not directed to purchasers, and thus are not commercial advertising, and collecting similar cases).

*Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–33 (2014)).[4] Even plaintiffs seeking only disgorgement as a remedy still "must demonstrate injury either by proof of injury or a presumption of injury[.]" *Dependable Sales*, 394 F. Supp. 3d at 37273.

Here, Papaya has no evidence of any injury to its "commercial interest in reputation or sales," let alone that such injury was directly caused by the Challenged Statements. When Papaya's CEO and Co-Founder, Oriel Bachar, was asked to ██████████████████████████████ ███████████████████████████████████████ he invoked the Fifth Amendment on the ground that testifying might cause him to incriminate himself. 56.1 ¶ 114 & Ex. 3089:3–7. Papaya's CTO and Co-Founder, Andrey Birman, followed suit. 56.1 ¶ 115 & Ex. 31168:9–13 ███████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Papaya identified only Bachar, Birman, Alex Liakhovetsky, and Uri Pearl Stein as "individuals who are likely to have discoverable information" concerning Papaya's counterclaims, including any purported harm that Papaya suffered, and all four of them (as well as Papaya co-founder and Vice President of Product and Game Design, Yoni Zvik), invoked the Fifth Amendment rather than testify ██████████████ ███████████████. 56.1 ¶¶ 102–03, 106, 109, 111, 118.

Asserting the Fifth Amendment in lieu of testifying cannot "create 'evidence' that raises a genuine issue of fact." *SEC v. Airborne Wireless Network*, 2023 WL 5938527, at *3 (S.D.N.Y. Sept. 12, 2023); *see also United States v. Certain Real Prop. & Premises Known as: 4003–4005 5th Ave., Brooklyn, NY*, 55 F.3d 78, 83 (2d Cir. 1995) ("[A] 'party who asserts the privilege against

---

[4] There are two exceptions for which a presumption of injury arises, but neither applies here. The first is for "a direct competitor's 'false comparative advertising claim.'" *Souza*, 68 F.4th at 119 (citation omitted). The second is for "a two-player market." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 260–61 (2d Cir. 2014). None of the Challenged Statements mentions Papaya and Papaya concedes that the RMSB mobile gaming industry is not a two-player market. 56.1 ¶ 7. Therefore, no injury is presumed and Papaya must meet the injury requirements under *Lexmark*.

self-incrimination must bear the consequence of lack of evidence,'" which "will not prevent an adverse finding or even summary judgment if the litigant does not . . . satisfy the usual evidentiary burdens in the litigation."); *Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, 2022 WL 1997207, at *7 (S.D.N.Y. June 6, 2022) ("[O]n summary judgment, a defendant's invocation of the Fifth Amendment may functionally prevent the defendant from offering evidence in opposition to the motion.").[5] Accordingly, a reasonable jury would have no basis to conclude that Papaya suffered any harm.

Papaya's own documents also preclude it from showing any injury by the Challenged Statements.  Papaya produced zero documents identifying Skillz's Challenged Statements as a cause for poor performance. Rather, ███████████████████████████████████████████ ██████████████████████████████████████. 56.1 ¶ 186. Thus, there is "nothing that could permit a reasonable juror to find that the" Challenged Statements "proximately caused actual or likely 'economic or reputational' injury here." *Souza*, 68 F.4th at 120.

This hole in Papaya's case is on full display in proffered testimony of its damages expert, Jonathan Orszag. ██████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████ *See* 56.1 Ex. 61¶¶ 6–7; 56.1 Ex. 62 41:24–42:7. Papaya's failure to prove any injury "precludes [its]

───────────────

[5] Papaya cannot satisfy its burden of proof through its Rule 30(b)(6) corporate representative's testimony because Papaya cannot offer this hearsay at trial when the witness Papaya selected had no personal knowledge. 56.1 ¶¶ 102, 119–122. *See Fed. Trade Comm'n v. Vyera Pharms., LLC*, 2021 WL 5300019, at *1 (S.D.N.Y. Nov. 15, 2021) ("[A]lthough a witness has testified… [in] a Rule 30(b)(6) deposition, the testimony is not admissible at trial without a 'showing that the witness had personal knowledge of the matters discussed in the deposition.'" (citation omitted)); *Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*, 2024 WL 3638054, at *14 (S.D.N.Y. Aug. 2, 2024) ("It's unclear whether [30(b)(6) witness's] deposition testimony would even be admissible at trial since his statements" seemed to not be "based on his personal knowledge.").

disgorgement claim" and any damages as a matter of law. *Dependable Sales*, 394 F. Supp. 3d at 372, 375. Accordingly, summary judgment is warranted on Papaya's Lanham Act claims.

### 2.  The Challenged Statements Are Neither False Nor Misleading.

Putting aside Papaya's failure to show that it suffered any injury, the Court should independently grant summary judgment for Skillz because the Challenged Statements are not, and never have been, false or misleading. "Falsity may be established by proving that (1) the advertising is literally false as a factual matter, or (2) although the advertisement is literally true, it is likely to deceive or confuse customers." *Merck Eprova AG*, 760 F.3d at 255. Papaya cannot establish either type of falsity for the three Challenged Statements.

### i.  Papaya Cannot Prove That Any of the Challenged Statements Is Literally False.

"To establish literal falsity, a plaintiff must show that the advertisement either makes an express statement that is false or a statement that is 'false by necessary implication,' meaning that the advertisement's 'words or images, considered in context, necessarily and unambiguously imply a false message.'" *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016) (citation omitted). "[O]nly an *unambiguous* message can be literally false." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007) (emphasis in original) (citation omitted). "Therefore, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false." *Id*.

"A claim based on literal falseness 'is best supported by comparing the statement itself with the reality it purports to describe.'" *Reckitt Benckiser Inc. v. Motomco Ltd.*, 760 F. Supp. 2d 446, 454 (S.D.N.Y. 2011) (citation omitted). This comparative analysis "considers the challenged portion of the promotional material, scrutinizing it 'within a meaningful and reasonable context, including not only the entire sentence of each portion of challenged text but also the entire text and

overall message of the [material.]" *OPA (Overseas Pub. Ass'n) Amsterdam BV v. Am. Inst. of Physics*, 973 F. Supp. 414, 425 (S.D.N.Y. 1997). For example, in *Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381 (2d Cir. 1986), the Second Circuit reversed a ruling that Hertz's advertisement claiming that it "ha[d] more new cars than Avis ha[d] cars" was literally false, even though Avis owned more cars than Hertz owned new cars, because Hertz had more cars *for rental*. *See Time Warner*, 497 F.3d at 156–57 (discussing *Avis*). "[E]ven though the word [we]re not literally accurate," when considering "the context of the business at issue" in the advertisement, *Time Warner*, 497 F.3d at 157, "the evidence pointed unmistakably to an interpretation that Hertz was speaking of cars available for rental and not of total cars owned," *Avis*, 782 F.2d at 384–85 (noting "Hertz and Avis have made their reputations as companies that *rent* cars" and the "advertisement was placed in publications that would come to the attention of prospective renters, not car buyers or financial analysts.").

Here, when viewing the Challenged Statements in appropriate context, *none* of them are literally false.

**"No Bots" Statements:** Papaya accuses Skillz of falsely advertising that "[e]very Skillz tournament is between real players" and "[n]ever bots." *See* FAC ¶ 210. In its full context, the message unambiguously implied by this statement is that Skillz does not deploy bots to compete against, and steal money from, human players. *See, e.g.*, 56.1 ¶ 88 ("Match with REAL PLAYERS… Play real people, NO BOTS, guaranteed!"), ¶ 94 ██████████████████████ ███████████████████████████████.

This message is unequivocally true: Skillz ███████████████████████████. 56.1 ¶ 65. Instead, Skillz is in the business of real humans competing in cash tournaments, and its advertising truthfully tells customers that they will never be forced to compete against undisclosed

bots for cash. 56.1 ¶¶ 12, 88, 94. The only reasonable interpretation of Skillz's "no bots" advertising confirms that it is not literally false because Papaya can produce zero evidence showing that the "reality" of Skillz's conduct is dissimilar from the message being conveyed.

*Avis* forecloses Papaya's attempt to prove literal falsity by cherry-picking half-statements from Skillz's advertising out of context. Papaya focuses on Skillz's public developer documentation ████████████████████████████████████████ ██████████████████████████. *See* 56.1 ¶¶ 66(a), 69. This does not render Skillz's "no bots" messaging, in the context of bots being an "unfair" means to "defraud consumers," false. The same is true of Papaya's alternate theory that, ██████████████████████████████ ████████████████████████████████████████████████████████████. *See* 56.1 ¶ 66(b). Papaya cannot show █████████████████████████████████ ████████████████████████████████████ Because ████████████ ████████████████████████████████████████████████████ ████████ the Challenged Statement is not literally false. *E.g.*, 56.1 ¶¶ 65, 88, 94.

**Fairness Statements:** Papaya cannot prove that Skillz's Challenged Statement that it "uses proprietary technology to pair players with similar skill levels, ensuring that every game is evenly matched and every player has a fair chance to win" are unambiguous and literally false. *See* 56.1 ¶ 89. There is no dispute that ████████████████████████████████████ ████████████████████████. 56.1 ¶¶ 23–24. Whether ████████████████████ is not an unambiguous concept; there is no way to objectively define ████████████████████ ████████████████████████████████ such that Skillz's statement could be literally false. *See, e.g.*, *I Dig Tex., LLC v. Creager*, 98 F.4th 998, 1010–11 (10th Cir. 2024) (holding advertisements that products were "made in the United States or in America" were ambiguous

because, "[e]ven if some components had come from China or Canada, [defendant] assembled some of its products in the United States.").

Similarly, the phrases "evenly matched" and "fair chance to win" are not objective descriptions of fact that can be literally true or false. Papaya's only effort to show otherwise is the *ipse dixit* of its damages expert, who has no relevant expertise supporting his opinion that ███████ ██████████████████████████████████████████████████ 56.1 Ex. 61¶ 10. While this might be one interpretation of the advertisement, it certainly is not the only plausible one; for example, ████████████████████████████████████████████████ ███████████████████████████████████████████. *See* 56.1 Ex. 11at 11; 56.1 Ex. 6¶ 234.

Papaya cannot show that any of Skillz's business practices necessarily match players "unevenly" or "unfairly," which is required to prove literal falsity. *First,* ██████████████ ████████████████████████. 56.1 ¶ 52. ████████████████████████ ████████████████████████████████████████████████████ ████████████████ *See* 56.1 Ex. 61at 15 ███████████████████ ██████████████████████; 56.1 Ex. 11at 11. *Second,* Papaya cannot prove that ███████ ████████████████████████████████████████████████████ ████████████████████████ in fact, the evidence shows that ██████████████████ ████████. 56.1 ¶¶ 40–45. *Third and finally,* ███████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████. 56.1 ¶¶ 46–50.

**Withdrawal Statements:** Papaya alleges that Skillz's advertisement that players can "Cash Out At Anytime" is literally false because Skillz's customers do not always instantaneously

receive their withdrawals. *See* FAC ¶ 287. Papaya is wrong: Skillz's advertisement ███████

███████████████████████████████████████████████████. Instead, Skillz

tells players that they can initiate a withdrawal request "[a]t [a]nytime." 56.1 ¶ 95, ¶ 98 ████

███████████████████████████████████████████████████.

Furthermore, the "Players" page of Skillz's Help Center explicitly says that it can take four to six

weeks for a player to receive withdrawn funds because Skillz takes "extra steps and security

precautions" and "time to review gameplay and account histories" under its "sophisticated fraud-

detection system." 56.1 ¶ 96.  It is also reasonable to interpret Skillz's advertising as addressing

only what Skillz, and not ████████████████████████████████████████████

███████████, can control. *See* 56.1 ¶ 78. Papaya points to no conflicting evidence. Therefore,

when viewed in the context of Skillz's overall messaging and its mobile app-based business that

must protect customers from cheating, the Withdrawal Statement is unambiguously true. At a

minimum, it is "susceptible to more than one reasonable interpretation" such that it cannot be

literally false. *See Time Warner*, 497 F.3d at 158. Finally, even if Papaya's myopic interpretation

of this statement was the only reasonable one, the evidence produced by Skillz is consistent with

fast withdrawal processing. 56.1 ¶¶ 80–84 ███████████████████████████████

███████████████████████████. Thus, Papaya cannot prove that this statement is

literally false.

### ii.   Papaya Has No Extrinsic Evidence Proving Any of the Challenged Statements Are Impliedly False or Misleading.

The Challenged Statements are not impliedly false or misleading, either. Implied falsity

requires the claimant to prove that "the message leaves 'an impression on the listener or viewer

that conflicts with reality,'" which is supported by either (1) "extrinsic evidence of consumer

confusion" or (2) "evidence that the defendant intended to deceive the public through 'deliberate

conduct' of an 'egregious nature,' in which case a rebuttable presumption of consumer confusion arises." *Church & Dwight*, 843 F.3d at 65 (citations omitted). Papaya cannot show deliberate conduct of an egregious nature, and it has no admissible extrinsic evidence of consumer confusion.

**"No Bots" and Withdrawal Statements:** Papaya has no extrinsic evidence of customer confusion about these statements because its survey expert, Dr. Bruce Isaacson, did not test them. *See* 56.1 Ex. 63 197:3–14; 56.1 Ex. 64 at Ex. 3 at 9; *Fischer v. Forrest*, 286 F. Supp. 3d 590, 618 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (granting summary judgment on implied falsity claim where nonmovant had no "credible evidence of consumer confusion"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *8 (S.D.N.Y. Mar. 29, 2016) (granting summary judgment for lack of admissible evidence to support implied falsity).

**Fairness Statements:** Nor can Papaya prove the implied falsity of these statements. Papaya's expert, Dr. Isaacson, exclusively focused on attempting to measure whether certain messages about fairness and even matching were conveyed by Skillz's advertising, and his survey is inadmissible for the reasons in Skillz's Omnibus *Daubert* motion. Dr. Isaacson did not substantively measure *what* the relevant audience understands from Skillz's messaging, *what* players consider "fair" in the context of RMSB mobile gaming, or whether consumers would consider Skillz's matchmaking practices unfair or different from what Skillz's advertising conveyed. 56.1 Ex. 63 at 206:8–207:15, 168:22–25, 172:19–173:20, 179:5–181:13. Dr. Isaacson himself does not know ██████████████████. 56.1 Ex. 63 at 169:1–12. Instead, Dr. Isaacson admits ████████████████████████████████████████████

████████████████████████████████████████████

██████████ 56.1 Ex. 63 at 204:19–205:8. Without understanding how the relevant audience interprets those test "messages," it is impossible to tell whether anyone was confused. Even if Dr.

Isaacson's survey is admissible, it does not help Papaya because Dr. Isaacson found that only 3.3% of respondents viewing the Skillz website received the messages on which Papaya's counterclaims hinge (that Skillz matches players of the "same or similar skill level"). 56.1 Ex. 64 at 29, Table A.

Because Papaya offers no admissible evidence from which a reasonable jury could conclude that any of the Challenged Statements is impliedly false, the Court should grant summary judgment.

### 3. Papaya Cannot Prove Entitlement to Injunctive Relief as a Matter of Law.

Finally, Papaya's request for injunctive relief under the Lanham Act cannot survive. "A party seeking a permanent injunction must demonstrate," among other things, that "it has suffered an irreparable injury" and "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 281 (S.D.N.Y. 2022) (citation omitted). Because Papaya cannot establish liability (*see* Section IV.A.1–2 above), it is not entitled to an injunction. *See id.*; *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021) (rejecting injunctive relief where Lanham Act plaintiff failed to prove liability).

Moreover, Skillz has adequately rebutted any presumption that Papaya was irreparably harmed. *See* 15 U.S.C. § 1116(a). Papaya cannot show that it suffered *any* harm—let alone irreparable injury for which damages are insufficient—when it can proffer no testimony on the subject (*see* Section IV.A.1 above; 56.1 ¶ 109). *See Spark DSO, LLC v. Ormco Corp.*, 2022 WL 613165, at *3–5 (E.D. Pa. Mar. 2, 2022) (holding defendant "successfully rebutted the presumption" because plaintiff offered no "testimony or declarations attesting to" any harm); *Engine Cap. Mgmt., LP v. Engine No. 1 GP LLC*, 2021 WL 1372658, at *12 (S.D.N.Y. Apr. 12, 2021) (denying injunctive relief in part because plaintiff failed to "supply any evidence of loss of

reputation or good will" (citation omitted)). Thus, even if Papaya could prove Skillz's liability (which it cannot), injunctive relief is still unavailable as a matter of law.

**B.    Skillz Is Entitled to Summary Judgment on Papaya's New York General Business Law § 349 Claim.**

The Court should also grant Skillz summary judgment on Papaya's second counterclaim, which asserts deceptive practices in violation of New York General Business Law § 349, based on the same three Challenged Statements. To succeed on this claim, "a plaintiff must show 'that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400, 411–12. "[T]hese elements resemble those of a Lanham Act false advertising claim." *Skillz Platform Inc. v. Papaya Gaming, Ltd.*, 2025 WL 438387, at *6 (S.D.N.Y. Feb. 7, 2025); *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 56 n.3 (2d Cir. 2022).

Papaya's § 349 claim suffers the same fate as its Lanham Act claim because Papaya has no evidence that it suffered any injury or that the Challenged Statements were materially misleading (*see* Sections IV.A.1–2 above). *See Can't Live Without It*, 287 F. Supp. 3d at 411–12. Because there is no dispute of material fact as to these necessary elements, summary judgment should be entered.

**C.    Skillz Is Entitled to Summary Judgment on Papaya's Civil Conspiracy Claim.**

The Court should also grant summary judgment for Skillz on Papaya's civil conspiracy counterclaim. First, "[s]ince civil conspiracy must be derivative of an underlying tort, a civil conspiracy claim 'should be dismissed if the underlying tort claim… has been dismissed.'" *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 339 (S.D.N.Y. 2024); *see also JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 279 (S.D.N.Y. 2024) ("It is

textbook law that New York does not recognize an independent tort of conspiracy." (citation omitted)). Papaya's civil conspiracy counterclaim is based entirely upon its allegations concerning the 4FairPlay Website, all of which were dismissed (twice). *See* FAC ¶¶ 412–17; *Skillz*, 2025 WL 438387, at *7–8. Thus, Papaya's cannot assert an "independent" civil conspiracy counterclaim.

If Papaya attempts to alter its pleading by arguing its civil conspiracy claim is derivative of its claims concerning the Challenged Statements, then Skillz is still entitled to summary judgment for three reasons. *First*, Papaya's underlying Lanham Act and GBL § 349 counterclaims fail (*see* Sections IV.A–B above), and thus so does the derivative civil conspiracy claim. *See AT&T*, 714 F. Supp. 3d at 339. Second, the civil conspiracy counterclaim "offers no new allegations" beyond the underlying counterclaims, making it duplicative and subject to dismissal. *Pentacon BV v. Vanderhaegen*, 725 F. Supp. 3d 350, 388 (S.D.N.Y. 2024). Third and finally, Papaya has no evidence supporting the other necessary elements of a civil conspiracy claim, including co-conspirators or injury from the Challenged Statements. *See id.* ("Under New York law, to state a claim for civil conspiracy, a plaintiff must demonstrate the primary tort plus the following four elements: [i] an agreement between two or more parties; [ii] an overt act in furtherance of the agreement; [iii] the parties' intentional participation in the furtherance of a plan or purpose; and [iv] resulting damage or injury.").

### D.    Skillz Is Entitled to Summary Judgment on Papaya's Affirmative Defenses.

In its Answer, Papaya invoked eight affirmative defenses to Skillz's claims. *See* ECF No. 46 at 20–21. After discovery, however, none of these defenses is supported by any evidence, which entitles Skillz to summary judgment. *See F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) ("[A] plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case," including "the legal sufficiency of an affirmative defense" "on which the defendant bears the burden of proof at trial.") (cleaned up)).

Independently, some of Papaya's defenses are barred as a matter of law. *E.g.*, *Marine Midland Bank v. Slyman*, 995 F.2d 362, 366 (2d Cir. 1993) (affirming grant of summary judgment on legally barred affirmative defense).

### 1. Papaya Cannot Prove That Skillz Acted with Unclean Hands.

At the outset, Papaya cannot claim "unclean hands" as a defense to Skillz's claims for monetary damages. *See, e.g.*, *Balderramo v. Go N.Y. Tours Inc.*, 668 F. Supp. 3d 207, 232 (S.D.N.Y. 2023) ("It is an equitable defense and as such, it can only be asserted with respect to equitable—not legal—claims." (cleaned up)). "The unclean hands defense is an 'ordinance that closes the doors of a court of equity'" and irrelevant to whether a plaintiff is entitled to damages. *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (holding the doctrine "applies only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the *equity*" sought by plaintiff); *Balderramo*, 668 F. Supp. 3d at 233 (dismissing unclean hands defense asserted in response to damages claim).

Even as a defense to Skillz's request for equitable relief, Papaya's unclean hands defense fails. "The Second Circuit has repeatedly emphasized the narrowness of the doctrine's application." *Specialty Minerals*, 395 F. Supp. 2d at 112; *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 646 (S.D.N.Y. 2018). "'[F]actually similar misconduct alone is [not] sufficient' to create the nexus between the doctrine and the subject matter of the litigation." *Lokai*, 306 F. Supp. 3d at 646 (bracketed text in original) (quoting *Specialty Minerals*, 395 F. Supp. 2d at 112). Instead, "unclean hands requires that a plaintiff must have engaged in ***the same behavior*** it accuses the defendant of conducting." *Id.* (emphasis added).

Here, Papaya is only entitled to protection against equitable relief sought by Skillz if it can prove that Skillz "engaged in the same behavior" of secretly deploying bots as opponents in cash

games. As explained above, Skillz has never ████████████████████████████████████ ████████████ and Papaya has no contrary evidence. 56.1 ¶ 65; *see* Section II.B.2 above.

As a matter of law, Papaya cannot expand its unclean hands defense to encompass any allegedly false advertising by Skillz. This approach has been rejected by numerous courts. In *Lokai*, the plaintiff claimed that the defendant falsely advertised *the source* of the water in its product. 306 F. Supp. 3d at 646. The defendant asserted unclean hands, arguing that plaintiff's advertising was false because the water in plaintiff's product *evaporated*. *Id.* The court rejected the defendant's unclean hands defense at summary judgment because, though both parties alleged false advertising regarding similar products, the dissimilar subjects of the advertisements meant that "unrelated conduct" was at issue. *Id.* at 648. Similarly, in *Specialty Minerals*, where the defendant was sued for advertising its baseless patent infringement claims against the plaintiff to plaintiff's customers, the court rejected defendant's unclean hands defense premised on the plaintiff's allegedly false accusations that defendant had infringed *different* patents because it was not "factually similar misconduct." 395 F. Supp. 2d at 112.

Conversely, in *Stokely Van-Camp, Inc. v. Coca-Cola Co.*, the court denied preliminary injunctive relief because of plaintiff's unclean hands. 646 F. Supp. 2d 510, 533–34 (S.D.N.Y. 2009). Plaintiff alleged that Coca-Cola falsely advertised the advantages of calcium and magnesium in Coca-Cola's sports drink formula, while plaintiff "ha[d] made virtually identical claims about calcium and magnesium" in its own sports drink formula. *Id.*

This case is analogous to *Lokai* and *Specialty Minerals*. Skillz claims that Papaya's advertisements are false because Papaya ████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

24

████████████████. 56.1 ¶¶ 146–49, 153, 177. Papaya cannot prove that Skillz engages in the same conduct, which is necessary to assert unclean hands. Papaya cannot dispute that Skillz's matchmaking and withdrawal practices underlying Papaya's counterclaims do not constitute the same conduct that is the subject of Skillz's claims against Papaya. And even if they were, Papaya has no evidence that Skillz is committing misconduct or that its matchmaking processes are unfair. *See* Section II.B.1 above; *Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 195 (S.D.N.Y. 2008) (rejecting unclean hands defense because challenged "conduct was not misconduct" and there was no proof of "any fraud or deceit").

### 2. Papaya's Other Affirmative Defenses Are Devoid of Evidentiary Support or Subject to Dismissal as a Matter of Law.

**Acquiescence, Estoppel, and Waiver:** Papaya has no evidence supporting the elements of these defenses. Acquiescence requires a Lanham Act defendant to show: "(1) plaintiff actively represented that it would not assert a right or claim; (2) the delay between the active representation and assertion of the right was not excusable; and (3) the delay caused undue prejudice to defendant." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 427 (S.D.N.Y. 2010). Equitable estoppel requires a defendant to show: "(1) plaintiff's misleading communication, with plaintiff's knowledge of the true facts, prompted the defendant to infer that the plaintiff would not enforce its rights against the defendant; (2) the defendant relied on that conduct; and (3) the defendant would be prejudiced if the plaintiff were allowed to bring suit." *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F. Supp. 2d 247, 276 (S.D.N.Y. 2002). Relatedly, waiver under New York law requires showing "that the party charged with waiver relinquished a right with both knowledge of the right and an intention to relinquish it." *Coach*, 756 F. Supp. 2d at 428.

Papaya's defenses require some communication from Skillz informing Papaya or indirectly causing Papaya to believe that Skillz would not take legal action to recover for harm caused by

Papaya's fraudulent business practices. Papaya cannot point to any such communication. Separately, Papaya cannot establish the other elements of these defenses without testimony from a percipient witness concerning reliance or harm.

**Statute of Limitations and Laches:** These defenses are equally unavailing. New York's six-year limitations period applies to Skillz's Lanham Act claims, *see Gross*, 641 F. Supp. 2d at 196, and N.Y. G.B.L. § 349 claims are subject to a three-year limitations period, *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012). All of Papaya's false advertising at issue in this case occurred within those periods (*i.e.*, after March 4, 2018 or 2021). 56.1 ¶¶ 136, 138–39, 160–82; *see also* 56.1 Ex. 38 at 2 (discovery period of January 1, 2021 to September 30, 2024).

Nor does Papaya deserve any "presumption of laches" because Skillz acted within the applicable limitations period. *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 439 (S.D.N.Y. 2017). Papaya cannot make the "vital" "showing of delay and prejudice" to sustain its laches defense because there is no evidence that Skillz sat on its rights. *Coach*, 756 F. Supp. 2d at 427; *Coty*, 277 F. Supp. 3d at 439 (rejecting laches defense where defendant "failed to produce evidence of prejudice").

**Mitigation of Damages:** This defense also fails because it only applies where the plaintiff "failed to make 'reasonable exertions to render the injury as light as possible,'" most commonly applied in breach of contract and tort actions." *Coach*, 756 F. Supp. 2d at 430 n.5 (quoting *Wilmot v. State*, 32 N.Y.2d 164, 168 (1973)). Mitigation has been dismissed as a defense to false advertising on the ground that it is unavailable as a matter of law. *Id.* at 430 n.5 (noting defendants and the Court could not find "any case applying a mitigation of damages defense to" false advertising claims). Even if the defense were available, there is no evidence that Skillz's failed to mitigate its damages.

26

**Reduction of Skillz's Damages:** Papaya's "affirmative defense" that Skillz's damages award should be reduced by any amount that Skillz may owe Papaya fails because Skillz does not owe Papaya damages for the reasons laid out in Sections V.A–C above. Thus, there is no legal or factual basis for this defense.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Skillz's Motion for Summary Judgment on Papaya's Counterclaims and Affirmative Defenses.

Dated: June 27, 2025                                  KING & SPALDING LLP

By: */s/ Craig Carpenito*
Craig Carpenito
ccarpenito@kslaw.com
Amy Nemetz
anemetz@kslaw.com
Curtis R. Crooke
curtis.crooke@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2222

Lazar P. Raynal (*pro hac vice*)
lraynal@kslaw.com
Michael A. Lombardo (*pro hac vice*)
mlombardo@kslaw.com
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330

*Attorneys for Skillz Platform Inc.*

## <u>LOCAL RULE 7.1(C) CERTIFICATION</u>

I, Craig Carpenito, hereby certify that the foregoing memorandum of law complies with the word count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, and contains 8,717 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.


Dated:  June 27, 2025
     New York, New York

*/s/ Craig Carpenito*
Craig Carpenito
