UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKILLZ PLATFORM INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>-against-<br><br>PAPAYA GAMING, LTD., a foreign corporation; and PAPAYA GAMING, INC., a Delaware Corporation,<br><br>                          Defendants. | Civil Action No. 1:24-cv-01646-DLC<br><br>Hon. Denise L. Cote |

**PLAINTIFF SKILLZ PLATFORM INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PAPAYA GAMING, LTD.'S COUNTERCLAIMS AND DEFENDANTS' AFFIRMATIVE DEFENSES**

KING & SPALDING LLP
Craig Carpenito
ccarpenito@kslaw.com
Amy Nemetz
anemetz@kslaw.com
Curtis R. Crooke
Curtis.crooke@kslaw.com
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2222

Lazar P. Raynal (*pro hac vice*)
lraynal@kslaw.com
Michael A. Lombardo (*pro hac vice*)
mlombardo@kslaw.com
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330

*Attorneys for Skillz Platform Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................1

    A.    Skillz Remains Entitled to Summary Judgment on Papaya's Counterclaims. ...................................................................................................1

        1.    All Challenged Skillz Advertising Is Subject to This Motion. ....................1

        2.    Papaya's Inability to Prove Any Harm Caused by Skillz's Statements Remains Fatal to Papaya's Counterclaims. ...............................2

            i.    Papaya Is Not Entitled to Any Presumption of Injury. ....................4

            ii.    Skillz Is Not Judicially Estopped from Challenging Papaya's Failure to Prove Injury........................................................5

            iii.    Papaya Has No Evidence of Injury. .................................................6

        3.    Papaya Presents No Material Facts Supporting Its Falsity Claims..............7

            i.    Skillz's Matchmaking Statements Are Not False. ..........................7

            ii.    Skillz's Bot-Related Statements Are Not False. .............................9

            iii.    Skillz's Withdrawal Statements Are Not False. ...........................10

        4.    Papaya Has No Evidence Supporting Injunctive Relief, and Skillz Has Rebutted Any Presumption. ................................................................10

    B.    Papaya Fails to Show Why Any of Its Affirmative Defenses Should Survive. ......................................................................................................11

CONCLUSION ..............................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*789 Ninth & 414 E. 74th Assocs. LLC v. Hundalani*,
  2023 WL 4472162 (S.D.N.Y. July 11, 2023) ............................................................................7

*Church & Dwight*,
  843 F.3d at 71-72 .....................................................................................................................3

*Church & Dwight Co. v. SPD Swiss Precisions Diagnostics, GmbH*,
  2015 WL 4002468 (S.D.N.Y. July 1, 2015), *aff'd*, 843 F.3d 48 (2d Cir. 2016) ................. 2, 3

*Coca-Cola Co. v. Tropicana Prods., Inc.*,
  690 F.2d 312 (2d Cir. 1982) .....................................................................................................2

*Havana Club Holding, S.A. v. Galleon*,
  1998 WL 150983 (S.D.N.Y. Mar. 31, 1998) ..........................................................................11

*Johnson & Johnson v. Carter-Wallace, Inc.*,
  631 F.2d 186 (2d Cir. 1980) ................................................................................................2, 3

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018) ....................................................................................11

*McNeilab, Inc. v. Am. Home Prods. Corp.*,
  848 F.2d 34 (2d Cir. 1988) ...................................................................................................4, 5

*Meiri v. Dacon*,
  759 F.2d 989 (2d Cir. 1985) ...................................................................................................11

*Merck Eprova AG v. Gnosis S.p.A.*,
  760 F.3d 247 (2d Cir. 2014) .....................................................................................................4

*OPA (Overseas Pub. Ass'n) Amsterdam BV v. Am. Inst. of Physics*,
  973 F. Supp. 414 (S.D.N.Y. 1997) ...........................................................................................9

*Souza v. Exotic Island Enters., Inc.*,
  68 F.4th 99 (2d Cir. 2023) ........................................................................................................7

*Specialty Minerals, Inc. v. Pluess-Staufer AG*,
  395 F. Supp. 2d 109 (S.D.N.Y. 2005) ....................................................................................11

*Stokely-Van Camp, Inc. v. Coca-Cola Co.*,
  646 F. Supp. 2d 510 (S.D.N.Y. 2009) ................................................................................8, 11

*Tiffany (NJ) Inc. v. eBay, Inc.*,
   2010 WL 3733894 (S.D.N.Y. Sept. 13, 2010)..........................................................................8

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
   497 F.3d 144 (2d Cir. 2007)..............................................................................................4, 8, 9

**Rules**

Fed. R. Civ. P. 56(c)(1)...................................................................................................................11

Skillz Platform, Inc. ("Skillz") submits this reply memorandum in support of its motion for summary judgment on Papaya Gaming, Ltd.'s counterclaims and Defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc.'s (collectively, "Papaya") affirmative defenses (ECF 444).

## PRELIMINARY STATEMENT

Neither Papaya's affirmative motion for summary judgment nor its Opposition to Skillz's motion identifies a shred of admissible evidence showing that Papaya suffered any harm from Skillz's advertising. Alone, that is sufficient to grant Skillz's motion. Papaya's last-minute declaration from an unknowledgeable witness changes nothing.

In arguing against summary judgment on the other elements of its counterclaims, Papaya misconstrues and misrepresents the underlying evidence and twists testimony. Should the Court address these elements, it can easily reject Papaya's arguments.

Finally, Papaya's Opposition barely tries to save its affirmative defenses. Papaya's argument that it will identify the proof supporting these defenses "at trial" warrants entering judgment as a matter of law for Skillz.

## ARGUMENT

### A. Skillz Remains Entitled to Summary Judgment on Papaya's Counterclaims.

#### 1. All Challenged Skillz Advertising Is Subject to This Motion.

Skillz's Opening Brief addresses all Skillz advertising challenged by Papaya's counterclaims. Papaya's desperate attempt to argue Skillz committed some waiver by not listing out every advertisement, *see* Papaya Opposition (ECF 505) ("Opp.") at 12-13, is spurious. Skillz categorized and summarized the challenged advertising into buckets—which is exactly what Papaya did when moving for summary judgment on Skillz's claims. *See* ECF 438 at 10, 12-19 (categorizing Papaya's challenged advertising). Regardless, Papaya's cited caselaw, *see* Opp. at 13, clearly does not support the assertion that Skillz not specifically listing each challenged

advertisement equates to failing to brief an issue or raising a new argument in reply. Rather, Skillz's arguments about its matchmaking advertisements are the same for all those advertisements, including those using the "equal skill" or "equal skill level" phrasing.

### 2. Papaya's Inability to Prove Any Harm Caused by Skillz's Statements Remains Fatal to Papaya's Counterclaims.

Papaya's gross misrepresentation of binding authority—continued from its motion for summary judgment on its counterclaims, *see* ECF 423 at 17-18—cannot overcome its failure to adduce admissible evidence showing that it suffered any harm from Skillz's advertising.

Papaya's deficient articulation of the injury standard under the Lanham Act relies on a partial quotation from *Church & Dwight Co. v. SPD Swiss Precisions Diagnostics, GmbH*, 2015 WL 4002468 (S.D.N.Y. July 1, 2015), *aff'd*, 843 F.3d 48 (2d Cir. 2016). *See* Opp. at 21. This case is nothing like that one, where the district court stated, ***in part***, after holding a bifurcated bench trial on liability, that a showing of "likely injury" does not require "specific evidence that the [defendant's] ads actually resulted in some definite loss of sales." *Church & Dwight*, 2015 WL 4002468, at *1, *18 (citation omitted). Papaya conveniently omits the rest of the court's holding: even for liability alone, a plaintiff must still provide "a ***reasonable basis*** for the belief that the plaintiff is likely to be damaged ***as a result of*** the false advertising" and "***a logical causal connection*** between the alleged false advertising ***and its own sales position***." *Id.* at *25 (emphases added) (citation omitted). Read in its entirety, *Church & Dwight* is consistent with binding Second Circuit precedent that requires a "Lanham Act plaintiff [to]... offer something more than a mere subjective belief that he is likely to be injured as a result of the false advertising; he must submit ***proof*** which provides a reasonable basis for that belief." *Coca-Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 316 (2d Cir. 1982) (citations omitted) (emphasis added); *Johnson & Johnson v.*

2

*Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir. 1980) ("[T]he likelihood of injury and causation will not be presumed, but must be demonstrated.").

Papaya knows better: in its own motion for summary judgment on Skillz's claims, Papaya argued **to this Court** that plaintiffs asserting claims for non-comparative advertisements must make a "more substantial showing" and "some indication of actual injury and causation." ECF 438 at 22 (citations omitted). Papaya cannot have it both ways.

Papaya does not even argue that it has similar evidence of harm as the plaintiff in *Church & Dwight*, because it cannot. There, the plaintiff "provided evidence," *i.e.* lost market share to defendant precipitated by defendant's false advertising, and defendant's documents attributing that change to that advertising. 2015 WL 4002468, at *26; *see also Church & Dwight*, 843 F.3d at 71-72; *Johnson & Johnson*, 631 F.2d at 190-91 (ruling plaintiff made the requisite showing "with specific evidence" of shifting market shares and sales positions, changing consumer purchasing habits, and consumer belief that defendant's product eliminated the need for plaintiff's product, all caused by defendant's false advertising). **Papaya has no such evidence of injury**: ████ ████████████████████████████████, *see* Skillz's Rule 56.1 Statement (ECF 447) ("Skillz 56.1") ¶¶ 186-88; no Papaya documents identify harm from Skillz's supposedly false advertising; and Papaya did not even ask its expert economist to offer a theory under which Papaya could have been harmed, *see* Orszag Dep. 35:2-19 (confirming ████████████████████████ ████████████████████████).[1] Finally, Papaya will suffer from an inference *against* any speculation that it suffered injury because every witness with personal knowledge of this subject refused to testify under the Fifth Amendment. *See* Skillz's Opening Brief (ECF 445) ("Skillz Br.") at 12.

---

[1] Papaya quotes additional caselaw describing other types of evidence of injury, *see* Opp. at 21, but similarly has no such evidence.

3

Papaya's attempted workarounds fare no better.

### i. Papaya Is Not Entitled to Any Presumption of Injury.

Papaya tries to skirt its lack of evidence by claiming it is entitled to a presumption of harm because Skillz's advertising is comparative. Opp. at 22. Papaya is wrong. As an initial matter, the Court already decided in its ruling partially dismissing Papaya's counterclaims that the *only* remaining actionable statements made by Skillz concern "its own product," not Papaya's. ECF 234 at 16-21.

Further, even Papaya's caselaw says that comparative advertising must make a "comparison to a specific competing product," which is not the case here. *McNeilab, Inc. v. Am. Home Prods. Corp.*, 848 F.2d 34, 38 (2d Cir. 1988). In *McNeilab*, defendant's advertising about Advil was comparative because it explicitly identified Tylenol. *Id.* at 36. None of Skillz's challenged advertisements identify Papaya or any of Papaya's games. *See* Skillz Counterstatement ¶¶ 25-42.[2]

Papaya's reliance on *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144 (2d Cir. 2007), to argue for a different standard for comparative advertising, in a footnote, is misplaced. *See* Opp. at 22 n.10. In that case, plaintiff was entitled to a presumption of injury because defendant was plaintiff's sole competitor. *See Time Warner*, 497 F.3d at 152 (focusing on advertisements' mention of "cable" in markets where "'cable' [was] functionally synonymous with [plaintiff]"); *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 260 (2d Cir. 2014) (explaining *Time Warner* "involved a two-player market"). It is undisputed that Papaya and Skillz are not in a two-player market. Skillz 56.1 ¶ 7; ECF 458-62 at 35:16-19, 36:21-22 (Papaya's expert conceding ▮▮▮▮

---

[2] Citations to Skillz's contemporaneously filed Counterstatement to Papaya's SAUMF (ECF 508) are abbreviated "Skillz Counterstatement."

███████████████████); ECF 511 ¶ 13 (Revah Decl.) (█████████

█████████████ (emphasis added)).

Papaya's last-ditch effort to cobble together a comparative advertisement in a single Skillz social media post that included a hyperlink to a video separately published by the Today Show, *see* Opp. at 22, fails because **Skillz's statement in the post does not identify Papaya**. Skillz Counterstatement ¶ 39. Instead, *only* the news segment mentioned consumers had sued Papaya and AviaGames for illicitly using bots. *Id.* ¶ 212. No legal authority supports Papaya's assertion that linking an independent news clip amounts to "comparative advertising" that would entitle Papaya to a presumption of injury.[3]

Papaya's other claim that Skillz's general references to "competitors" is sufficient to amount to comparative advertising is also clearly wrong, as evidenced by Papaya's failure to cite any analogous caselaw. *See* Opp. at 22. Rather, even if the advertising was false, any falsity would injure "all competitors" equally, requiring Papaya to provide "some indication of actual injury and causation." *McNeilab*, 848 F.2d at 38. Thus, Papaya is not entitled to a presumption of harm.

### ii. Skillz Is Not Judicially Estopped from Challenging Papaya's Failure to Prove Injury.

Next, Papaya makes the nonsensical argument that, because Skillz adequately pled a factual theory in its Complaint about how it could have suffered harm from Papaya's advertising, Papaya should be absolved from presenting evidence at summary judgment to support its own alleged harm from Skillz's advertisements. Opp. at 22-23. This is easily rejected.

---

[3] Even if the Court agrees this is a comparative advertisement, it does not entitle Papaya to a presumption of harm from *all* of Skillz's other advertising. And Papaya's claims for this purportedly comparative advertisement fail anyway as a matter of law because it is literally true that Skillz has "never and will never use bots to defraud consumers." ECF 425-34; Skillz 56.1 ¶ 65.

5

Skillz's Complaint alleged that "Skillz and Papaya are direct competitors in what can be described as a zero-sum game—in many cases, Papaya's gain is Skillz's loss." ECF 1 ¶ 49. In denying Papaya's motion to dismiss, the Court found "Skillz has adequately pleaded an injury from Papaya's false advertising through a loss of sales and market share." ECF 40 at 9. The Court did not conclude, and Skillz did not argue, that Skillz and Papaya participate in a two-player market or that Skillz was entitled to a presumption of harm. Now, Papaya, like Skillz, must present some evidence of injury from the challenged advertisements, *e.g.*, lost sales or market share—and Skillz is certainly not estopped from holding Papaya to its burden.

### iii. Papaya Has No Evidence of Injury.

Finally, Papaya's posturing that its speculative injury is backed by "ample evidence," Opp. at 23-24, is empty. First, Papaya tries to say that its damages expert ██████████ ██████████████████████████ *id.*, even though he admitted, under oath, that he did not:



ECF 458-62 at 35:12-19; *see also* Skillz Counterstatement ¶ 194; ECF 458-61 (Orszag Rpt.) ¶¶ 5-7 (describing assignment and opinions, none of which include assessing whether Papaya was harmed because of Skillz's advertising).

Papaya's reliance on a declaration submitted by its Vice President, Finance, Raz Revah, who joined Papaya in January 2024, cannot save its counterclaims, either. *See* Opp. at 24; ECF 511 ¶ 3. The declaration is conclusory: it does not cite a single internal Papaya document, instead

6

simply speculating, without any factual support, that ███████████████. ECF 511 ¶¶ 15, 17-19. Nowhere does Mr. Revah even discuss harm from Skillz's bot-related advertising, reinforcing why the Court should enter judgment for Skillz as to those statements. In the Second Circuit, such eleventh-hour self-serving declarations offered by parties facing summary judgment are routinely rejected. *E.g.*, *789 Ninth & 414 E. 74th Assocs. LLC v. Hundalani*, 2023 WL 4472162, at *4 (S.D.N.Y. July 11, 2023) ("[S]elf-serving declarations, not supported by evidence, are generally not sufficient to create an issue of material fact."); *see also Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 119-20 (2d Cir. 2023) (granting summary judgment despite plaintiffs' allegedly "uncontradicted testimony" that the challenged advertising "was *potentially* devastating to their careers" because there was "no evidence that anything of the sort actually happened"). With zero evidence of any non-speculative injury caused by Skillz's advertising, Papaya's claims fail.

### 3. Papaya Presents No Material Facts Supporting Its Falsity Claims.

Papaya's Opposition also fails to show how a reasonable jury could possibly conclude that Skillz's advertising is literally or impliedly false. Papaya parrots the same distortions of the record that filled its affirmative motion for summary judgment, *see* ECF 423, and Skillz respectfully refers the Court to its opposition for a complete explanation of those misrepresentations, *see* ECF 509.

#### i. Skillz's Matchmaking Statements Are Not False.

Papaya challenges Skillz's statements that it fairly and evenly matches players with other players of similar or equal skill or skill levels. *See* Skillz Counterstatement ¶¶ 25-29. None of the three arguments advanced by Papaya, *see* Opp. 14–17, alter those statements' truthfulness. *First*, Skillz's statements are not literally false because ███████████████████████████████████, given that data gathered by Papaya's own expert shows that

7

consumers understand that Skillz uses technology to reasonably estimate players' skill levels. *See* ECF 509 at 14 (citing ECF 522-43). *Second*, that ███████████████████████████████ ███████████████████████████████████████████ is not contrary to Skillz's advertising, as Skillz has never made such a promise. *See id.* at 14-15. And, contrary to Papaya's assertions, *see* Opp. at 15, ███████████████████████████████████ ███████████████████████████████████████████. Nor is Skillz's policy—

███████████████████████████████████████████

█████████—an admission that █████████████████████

████. *Third*, the three matchmaking techniques that Papaya complains of work to create *more equal* matchmaking while also fairly maximizing the player experience, not the other way around as Papaya alleges based on its fabrications of the record. *See* ECF 509 at 14-15.

Thus, Skillz statements are literally true, or at least are "susceptible to more than one reasonable interpretation," which requires Papaya to establish implied falsity. *See Time Warner*, 497 F.3d at 158. But it cannot do so. Papaya is incorrect that Dr. Isaacson's survey alone is sufficient evidence of customer confusion. *See* Opp. at 18-19. That survey measures nothing other than whether specific language appears on certain full-size Skillz webpages; it does not, as Dr. Isaacson conceded, measure confusion. ECF 458-63 at 204:19-23; *see also* ECF 443 at 38-40.

Conceding the weaknesses in its expert evidence, Papaya tries, without reference to any caselaw, to invoke yet another exception, applicable to cases where "intent to deceive" is demonstrated. *See* Opp. at 19. Unlike Skillz, however, Papaya has no evidence rising to "the high level required to show the kind of 'egregious' misconduct" required to invoke this "narrow" exception. *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 527 (S.D.N.Y. 2009); *Tiffany (NJ) Inc. v. eBay, Inc.*, 2010 WL 3733894, at *3 (S.D.N.Y. Sept. 13, 2010). Papaya trots

8

out the same mischaracterizations of testimony and documents about Skillz's matchmaking that it relied upon to argue falsity in the first place. For example, Ms. Paiz did not testify to ▮▮▮ ▮▮▮ Opp. at 19. She testified that ▮▮▮ ▮▮▮ Skillz Counterstatement ¶¶ 52-54. Ms. Paiz specifically testified that ▮▮▮ ▮▮▮. ECF 425-18 at 131:8-12 (▮▮▮ ▮▮▮ ▮▮▮). Nor does Papaya have any basis to say that Skillz ▮▮▮ or that Skillz ▮▮▮ *See* Opp. at 19. Further, no authority supports Papaya's absurd argument that ▮▮▮ ▮▮▮ constitutes proof of deceptive intent. *See id.*

### ii.  Skillz's Bot-Related Statements Are Not False.

Unlike Papaya, ***Skillz does not use bots to compete against human players for cash prizes in an unfair or fraudulent manner***. Skillz 56.1 ¶¶ 65, 135-49. That is exactly what each of the challenged advertisements says when "the entire text and overall message" of the advertisements are viewed in "the context of the business at issue." *OPA (Overseas Pub. Ass'n) Amsterdam BV v. Am. Inst. of Physics*, 973 F. Supp. 414, 425 (S.D.N.Y. 1997) (citation omitted); *Time Warner*, 497 F.3d at 157; Skillz Counterstatement ¶¶ 35-39. Papaya's argument that Skillz did not explain this context, *see* Opp. at 20, simply ignores Skillz's Opening Brief, *see* Skillz Br. at 15-16.

Skillz is entitled to summary judgment because Papaya's Opposition presents no actual evidence of customer confusion. Papaya relies on ▮▮▮ ▮▮▮—which does not even purport to represent actual customer feedback. *Compare* Opp. at 20, with Skillz Counterstatement ¶ 144. Papaya otherwise speculates that ▮▮▮ ▮▮▮, *see* Opp. at 20; again, this does not prove customer

9

confusion. This is not enough for a reasonable jury to find customer confusion, and Papaya cites no caselaw holding otherwise. *See id.*

### iii. Skillz's Withdrawal Statements Are Not False.

Skillz states that its players can "Cash Out At Anytime" and can "withdraw [their] winnings at any time." Skillz Counterstatement ¶¶ 41-42. That is literally true. Skillz 56.1 ¶ 74. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 75-77. Papaya's counterclaims require transforming Skillz's advertising into promises of instantaneous receipt of withdrawn money. *See* Opp. at 21. But Skillz's statements plainly say nothing about how quickly players will receive funds, once withdrawn, into their bank accounts. Skillz 56.1 ¶ 98. Papaya's nonsensical claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ evidences its intent to deceive has zero legal support. *See* Opp. at 21. And the Tsegay declaration does not prove customer confusion, as he does not even claim confusion or explain what he understood Skillz's advertising to mean. *See* ECF 425-86. Once more, Papaya points to no case where implied falsity claims survived on, at most, razor thin evidence of customer confusion, warranting summary judgment for Skillz.

### 4. Papaya Has No Evidence Supporting Injunctive Relief, and Skillz Has Rebutted Any Presumption.

Papaya is not entitled to injunctive relief because it has failed to establish liability. *See* Skillz Br. at 20. Even if Papaya could do so, and thereby become entitled to a rebuttable presumption of irreparable harm, Skillz has rebutted that presumption. Under binding precedent, a party, like Papaya, that has no evidence demonstrating harm that cannot be remedied by damages is not entitled to injunctive relief.[4] Skillz Br. at 20-21. Papaya ignores that caselaw and instead

---

[4] As noted, Papaya's self-serving Revah declaration is not proper evidence. *See* Section A.2.iii above. And even if it were, the declaration provides zero explanation for why monetary damages are insufficient. *See* ECF 511.

quotes from a section of a treatise discussing preliminary injunctions, which Papaya has never sought, not permanent relief. *See* Opp. at 25.

### B. Papaya Fails to Show Why Any of Its Affirmative Defenses Should Survive.

Papaya cannot save its unclean hands defense by blurring the distinction between its admitted misconduct—deploying bots ██████████████████████████████████████—and its misinterpretation of Skillz's matchmaking practices, ██████████, or ██████████ ██████████. Simply put, Papaya cannot establish that Skillz "engaged in the same behavior." *See Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 646 (S.D.N.Y. 2018); *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (rejecting defendant's unclean hands defense despite each party accusing the other of patent infringement because the parties' accusations involved different patents). Papaya's caselaw is inapposite. *See Stokely*, 646 F. Supp. 2d at 532-34 (both parties published similar advertising about the same purported benefits of the same vitamins in their respective products); *Havana Club Holding, S.A. v. Galleon*, 1998 WL 150983, at *5 (S.D.N.Y. Mar. 31, 1998) (both parties mislabeled their rum as being a product of Cuba).[5]

Lastly, Papaya does not even try to properly defend its remaining affirmative defenses, merely claiming that they "can and will be supported by evidence at trial" without identifying what evidence that is. Opp. at 27. Unfortunately for Papaya, "[a] party opposing a motion for summary judgment simply cannot make a secret of his evidence." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (citation omitted); *see also* Fed. R. Civ. P. 56(c)(1) (requiring party opposing summary judgment to identify "particular parts of materials in the record"). Papaya's failure to substantively

---

[5] Papaya passingly references Skillz's unclean hands defense but does not (and cannot) argue that it is entitled to summary judgment on that basis. *See* Opp. at 27. Skillz reserves the right to assert this defense at trial in response to any of Papaya's counterclaims, should they survive.

11

respond requires the entry of judgment for Skillz on these defenses. Papaya's citation-less statement about supposed evidence of Skillz's alleged failure to mitigate, *see* Opp. at 27—which does not exist—is no different. And regardless, that is not a recognized defense to false advertising. Skillz Br. at 26.

## CONCLUSION

For the foregoing reasons, as well as those in Skillz's Opening Brief (ECF 445) and Skillz's Opposition Brief (ECF 509) and the supporting documents accompanying each, the Court should grant Skillz's Motion (ECF 444).

Dated: August 8, 2025                           KING & SPALDING LLP

By: */s/ Craig Carpenito*
Craig Carpenito
ccarpenito@kslaw.com
Amy Nemetz
anemetz@kslaw.com
Curtis R. Crooke
curtis.crooke@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2222

Lazar P. Raynal (*pro hac vice*)
lraynal@kslaw.com
Michael A. Lombardo (*pro hac vice*)
mlombardo@kslaw.com
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330

*Attorneys for Skillz Platform Inc*.

## LOCAL RULE 7.1(C) CERTIFICATION

I, Craig Carpenito, hereby certify that the foregoing memorandum of law complies with the word count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York, and contains 3,500 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.

Dated: August 8, 2025
      New York, New York

                                                   */s/ Craig Carpenito*
                                                   Craig Carpenito