```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
SKILLZ PLATFORM INC.,                :
                                     :          24cv1646(DLC)
                       Plaintiff,    :
         -v-                         :          ORDER
                                     :
PAPAYA GAMING, LTD. et al.,          :
                                     :
                       Defendants.   :
                                     :
------------------------------------ X
```

APPEARANCES:

For the plaintiff Skillz Platform Inc.:

Amy Katherine Nemetz
Curtis Ryan Crooke
Jessica C. Benvenisty
Kathleen Elizabeth McCarthy
Craig Carpenito
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Barry Antoine Kamar
King & Spalding
200 South Biscayne Blvd.
Suite 4700
Miami, FL 33131

Lazar Pol Raynal
Michael Anthony Lombardo
King & Spalding
110 N Wacker Drive, Suite 3800
Chicago, IL 60606

For the defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc.:

Devora Whitman Allon
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Allison M. Brown
Kirkland & Ellis LLP
2005 Market Street,
Suite 1000
Philadelphia, PA 19103

Cole Carter
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

George W. Hicks , Jr.
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

DENISE COTE, District Judge:

In anticipation of a jury trial on the claims of plaintiff Skillz Platform Inc. ("Skillz"), which is scheduled to begin on April 13, 2026, decisions were issued on the parties' Daubert motions.   Skillz has sued Papaya Gaming Ltd. ("Papaya") for violations of the Lanham Act and GBL § 249.

The Daubert rulings pertaining to four of the parties' experts were contained in: Skillz Platform Inc. v. Papaya Gaming, Ltd., No. 24CV1646 (DLC), 2026 WL 395323 (S.D.N.Y. Feb. 12, 2026) (Skillz's gaming expert Dr. Jose Zagal; Papaya's gaming experts Dr. Christoffer Holmgard and Dr. Randal Heeb); Skillz, 2026 WL 395430 (S.D.N.Y. Feb. 12, 2026) (Papaya's rebuttal damages expert Jonathan Orszag).   These decisions are incorporated by reference and familiarity with them is assumed.

The parties were invited, in light of the Daubert rulings, to submit any remaining objections to the expert reports.

2

Through submissions of March 2, 2026, the parties have done so. This Opinion does not address each of the parties' remaining objections but provides rulings on exemplars of those objections, which it is hoped will suffice for the parties to resolve all remaining disputes. The brief descriptions of the Daubert Opinions that follow do not replace or revise those Opinions; they are included only for context.

I.    Dr. Jose Zagal

Dr. Jose Zagal is Skillz's expert in the mobile/electronic gaming industry. In his report of April 18, 2025 he described the gaming industry and the real-money skill-based ("RMSB") mobile gaming industry. As for the latter, he described the challenge of player liquidity and how Papaya used bots to solve that problem. He examined Papaya game logs and explained how Papaya used bots in its tournaments.

The February 12 Opinion struck aspects of Dr. Zagal's testimony, including his recitation of Papaya's internal communications and a description of his Dark Patterns Framework and its application to Papaya. The Opinion held that his opinion that Papaya had engaged in unethical behavior is inadmissible.

Papaya objects to three categories of testimony in Dr. Zagal's report. Papaya objects to Dr. Zagal's testimony about the ethics of competition and matchmaking appearing at pages 6

3

to 8.  Its objection is sustained.

Papaya objects to certain material at pages 10 to 13 about how the undisclosed use of bots can be problematic.  Its objection is sustained.

Papaya objects to references to Papaya's internal documents, including at pages 14 and 22-23.  The objection on page 14 to the terms Papaya uses to refer to bots is overruled.  The objection to the opinion on page 14 that Papaya implemented bots to benefit its interests is sustained.  The objection on page 22 to Papaya's acknowledgment regarding bots is sustained.  The objection to the casino example on page 22 is overruled.  The objections to two passages in the text on page 23 are overruled; the objection to the footnote material on page 23 is overruled.

Skillz seeks the admission of material on page 5.  Papaya's objection to the material in the text is overruled.

II.  Dr. Randall Heeb

Dr. Randall Heeb is Papaya's economist.  In his report of May 9, 2025, he described his analysis of the game logs for five different Papaya games.  He also opined that skill predominates over chance in Papaya's games, such as the game Solitaire.

The February 12 Opinion struck Dr. Heeb's testimony about Papaya's or users' states of mind.  It also struck his testimony linked to a metric known as RTP and the presentation on how

4

Papaya's games, such as Solitaire, are skill-based.

Skillz objects to two categories of testimony in Dr. Heeb's report. It objects first to Dr. Heeb's testimony about how Papaya structures its games at paragraphs 37 to 43. Its objection is sustained.

Skillz objects next to a description of statistics for Papaya's games pertaining to the evaluation of skill and chance located at paragraphs 66 to 73. Its objection is sustained.

Papaya seeks the admission of material at paragraphs 283 and 284 relating to RTP. Skillz's objection to the material is sustained.

Papaya seeks the admission of certain material in paragraph 97. Skillz's objection to the material is sustained.

### III. Dr. Christoffer Holmgard

Dr. Christoffer Holmgard, an expert for Papaya, has a Ph.D. in artificial intelligence for games and works in the video game industry. In his report of May 9, 2025, Dr. Holmgard explained how AI bots are used to improve player experience in video games. He described the use of Flow Theory to measure player satisfaction. He explained that video game companies choose whether to disclose AI bot usage. Lastly, he contrasted Papaya's use of bots with Skillz's matchmaking systems.

The February 12 Opinion struck the majority of Dr. Holmgard's testimony. It excluded Dr. Holmgard's discussion of

5

AI bot disclosure in the video game industry, his opinions on Papaya's use of bots, and his comparison of Papaya's bots to Skillz's matchmaking processes. It permitted Dr. Holmgard to describe Flow Theory and player liquidity challenges in game design.

Skillz objects to three categories of testimony in Dr. Holmgard's report. It objects to Dr. Holmgard's testimony about his qualifications designing AI bots on pages 4 to 6. Its objection is overruled as to page 4 and sustained as to pages 5 to 6.

Skillz objects to material about historical bot usage in video games on pages 6 to 9. Its objection is sustained.

Skillz objects to testimony about the role of disclosure in game design at pages 17 and 18. Skillz's objection is sustained.

Papaya seeks the admission of material on pages 19 to 26 about the benefits of bot usage that is interspersed with swaths of stricken testimony. Skillz's objection to the material is sustained.

IV. Jonathan Orszag

Jonathan Orszag is Papaya's damages expert. In his rebuttal damages report, Orszag describes the RMSB gaming industry and Skillz and Papaya's business models. He describes Skillz's matchmaking practices and what players of RMSB games

6

prefer and understand.  He points out mistakes in the damages report of Skillz's expert Jim Bergman, including that Bergman miscalculated the User Acquisition ("UA") Spend Ratio between the two companies.

The February 12 Opinion struck four portions of Orszag's rebuttal report: passages describing Skillz's platform, testimony based on late-produced documents, opinions about players' preferences and Skillz's matchmaking practices, and the recitations of Skillz's financial condition from a short seller report.  It permitted Orszag to testify about his calculation of Papaya's RTP.

Skillz objects to three categories of testimony in the rebuttal report as already excluded.  Skillz first objects to material at paragraphs 35 to 38 critiquing Bergman's but-for world.  The objection is sustained.

Skillz objects to Orszag's testimony about Bergman's miscalculation of the UA Spend Ratio at paragraph 15.  Skillz's objection is sustained.

Skillz next objects to characterizations of Skillz's documents and testimony at paragraphs 33 and 34.  Skillz objection is sustained.

Dated:     New York, New York
           March 5, 2026

                              _____
                                   DENISE COTE
                              United States District Judge

7