UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                       :
SKILLZ PLATFORM INC.,                  :
                                       :
                    Plaintiff,         :        24cv1646 (DLC)
          -v-                          :
                                       :        MEMORANDUM
PAPAYA GAMING, LTD., et al.,           :        OPINION AND
                                       :           ORDER
                    Defendants.        :
                                       :
------------------------------------- X

DENISE COTE, District Judge:

A jury trial in this Lanham Act case is scheduled to begin on April 13, 2026.  Among other forms of relief, the plaintiff seeks a jury verdict regarding its request for approximately $637.5 million in actual damages and for disgorgement of the defendant's profits in an amount between $650 and $719 million. The parties dispute whether disgorgement of the defendant's profits is an equitable remedy and whether, even if it is, the jury should be asked to render an advisory opinion.  For the following reasons, the request for disgorgement will be submitted to the jury for an advisory verdict.

The Lanham Act authorizes a plaintiff to, "subject to the principles of equity," recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).  Nonetheless, a  plaintiff seeking compensation "for the same injury under different legal

theories is only entitled to one recovery." US Airways, Inc. v. Sabre Holdings Corp., 938 F.3d 43, 67 n.10 (2d Cir. 2019) (citation omitted) (antitrust). Consequently, Skillz may not recover both its damages and Papaya's profits if that relief would overcompensate Skillz for its injury. See also 5 McCarthy on Trademarks and Unfair Competition § 30:73 (5th ed.).

Here, Skillz and Papaya are direct competitors in the real money skills based ("RMSB") mobile gaming market. Skillz Platform Inc. v. Papaya Gaming, Ltd., No. 24CV1646 (DLC), 2025 WL 3012836, at *9 (S.D.N.Y. Oct. 27, 2025) (summary judgment decision). Both of the plaintiff's theories of recovery arise from the same allegedly unlawful activity: the defendant's false advertising due to its undisclosed use of bots in its tournaments and its increase in market share due to that deception. Therefore, Skillz's evidence regarding its lost sales and Papaya's artificially inflated profits overlap. The calculations of both forms of recovery involve not only the same evidence but also similar methodologies applied by Skillz's damages expert, Jim Bergman.

Skillz seeks to have the issues of its damages and Papaya's profits submitted to a jury. Papaya argues that, as an equitable remedy, disgorgement is for the Court. While

2

disgorgement is an equitable remedy, in this case it is appropriate to take an advisory verdict from the jury.

There is no dispute that the claim for damages must be submitted to a jury. The Seventh Amendment guarantees a litigant's right to a jury trial on "suits at common law." U.S. Const. amend. VII. "Suits at common law" refers to suits "in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 348 (1998) (citation omitted). In contrast, the "disgorgement of improper profits" is "traditionally considered an equitable remedy." Liu v. Sec. & Exch. Comm'n, 591 U.S. 71, 80 (2020) (citation omitted); see Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 668 n.1 (2014) (treating disgorgement of profits as an equitable remedy in a copyright case); Hard Candy, LLC v. Anastasia Beverly Hills, Inc., 921 F.3d 1343, 1358 (11th Cir. 2019) (Lanham Act); Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1074 (9th Cir. 2015) (Lanham Act); Ferrari S.P.A. v. Roberts, 944 F.2d 1235, 1248 (6th Cir. 1991) (Lanham Act).[1]

_____

[1] The Second Circuit has not yet ruled directly on the issue. See George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1541 (2d Cir. 1992) ("[W]e need not reach the issue of whether it was

3

The use of a jury for an advisory verdict is well established.  Under Rule 39(c)(1), in an action "not triable of right by a jury," the court may, on motion or on its own, "try any issue with an advisory jury."  Rule 39(c)(1), Fed. R. Civ. P.  "[I]t is wholly in the district court's discretion whether to accept or reject, in whole or in part, the verdict of the advisory jury."  Ragin v. Harry Macklowe Real Est. Co., 6 F.3d 898, 907 (2d Cir. 1993) (citation omitted).

Papaya does not dispute the Court's authority to submit the request for disgorgement to the jury.  Instead, Papaya argues that there will be no judicial economy from doing so.  Papaya is wrong.  Because the amounts of plaintiff's damages and the defendant's profits in this case involve interrelated analyses of the same evidence and calculation models, a decision at trial will be both efficient and of assistance to the Court.

## Conclusion

The plaintiff's March 13, 2026 request to submit the issue of disgorgement of the defendant's profits to an advisory jury

---

appropriate for the jury to calculate profits.").  The courts in this district are split on whether disgorgement of a defendant's profits is a legal remedy when it is a proxy for a plaintiff's damages.  See Capri Sun GmbH v. Am. Beverage Corp., No. 19CV1422 (PAE), 2022 WL 3137131, at *6 (S.D.N.Y. Aug. 5, 2022) (describing the split).

4

is granted.

Dated:    New York, New York
          March 23, 2026

                                                    _____
                                                      DENISE COTE
                               United States District Judge