Dear Judge Cote,

Papaya respectfully submits this letter identifying disputes for the April 13 morning conference.

**Papaya's Objections to Skillz's Opening Slides**

- *Excessive Use of "Fraud."* In its 72-slide opening, Skillz uses the word "fraud" **46 times**. By comparison, Skillz uses the word "false" only five times and "advertising" (or similar) only seven times. "[N]ame calling has its limits," PTC Tr. at 61:1–2, and Skillz's opening slides exceed them. This does not even include the number of times Skillz may say "fraud" to the jury. The name calling is inflammatory, unfairly prejudicial, and "unhinged from the record." *Id.* at 61:12; *see* FRE 403. Papaya requests the Court order Skillz to change its slide title "Papaya's Fraud Harmed Skillz" to "Papaya's False Advertising Harmed Skillz," which will reduce the number of times "fraud" is used from 46 to 22, which is still plenty.

- *The Great Seal.* Skillz refuses to remove the U.S. Great Seal from opening Slide 65, which creates a significant risk of misleading the jury that Skillz's claim is endorsed by the government or that this is a criminal case (an implication exacerbated by Skillz's use of the word "fraud"). *See* FRE 403. At the parties' April 12, 2026 meet-and-confer, Skillz could not articulate a proper purpose for using this seal. It has no value and, if removed, will cause no prejudice to Skillz. Papaya requests the Court order Skillz to remove it.

**Papaya Responses to Skillz's Objections to Papaya's Opening Slides and Evidence:**

- *DX273*. Under the parties' stipulation, Skillz bears the burden to prove this internal presentation, which it produced, is not a business record. Even if Skillz could show the document's author was not a Skillz employee, that would not establish the document is not a business record. It is evident from the document that its author had detailed knowledge of Skillz's business, and that the document was made at Skillz's request and retained by Skillz to guide its business decisions, and produced by Skillz in discovery.

- *DX178*. Skillz argues this Papaya-produced document, which contains quantitative analyses about Papaya's liquidity bots and matchmaking adjustments, is not a business record. There is no other plausible explanation for how the document came to be in Papaya's possession, except that someone with detailed knowledge of Papaya's matchmaking algorithms produced it at Papaya's request, so Papaya could make business decisions about game design.

- *Paiz Dep. 201:18-202:2.* In the challenged testimony, Ms. Paiz testifies that ███████ ████████████████████████████████████████████ This is relevant to causation because it shows Skillz did not invest sufficiently in building well-performing games. And it goes directly to "high employee turnover," which the Court ruled is relevant. PTC Tr. at 26:11-14.

- *Glory Dep. 39:21-40:1.* In the challenged testimony, Mr. Glory testifies ████████ ████████████████████████████████████████████ The testimony is directly relevant to causation because it shows that Skillz failed to sufficiently invest in its own games. And it too relates to "high employee turnover." PTC Tr. at 26:11-14.

- ***Papaya Opening Slides 20 and 30***.  Skillz objects to any argument that Papaya's bots were fair or enhanced gameplay on the ground that certain opinions of Drs. Holmgard and Heeb were struck. But the factual predicate for how Papaya's bots worked, what purpose they served, and how they affected gameplay, will be introduced into evidence by both parties.  Expert testimony is not necessary to make arguments on any of these issues.

- ***Papaya Opening Slide 42***. Skillz objects to Papaya's statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  This number will properly come into evidence at trial.

**Papaya's Objections to Mr. Casey Chafkin's Direct Examination Exhibits**

- ***PX654***.  This 38-page legal letter referring to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is inadmissible under FRE 401-403 and Court's prior rulings. 3/27/26 PTC Tr. at 12:5-13 (Skillz's internal operations have "no relevance").  If Skillz offers this exhibit, Papaya should be allowed to offer other exhibits on Skill's internal operations for context.  It is also inadmissible hearsay under FRE 802; it was authored by a law firm and is not a business record.  On an April 12 meet-and-confer, Skillz stated it is not offering the document for its truth but to show "how the industry works."  If so, it should also be excluded under FRCP 37 because Mr. Chafkin was not disclosed as an industry expert.  *See Island Intell. Prop. LLC v. Deutsche Bank AG*, 2012 WL 526722, at *10 (S.D.N.Y. Feb. 14, 2012).

- ***PX1261***.  This one-page document appears to be a customer review and is inadmissible under FRCP 37 and FRE 403, 602, 802, 901, and 1002.  It was never produced in discovery, has no context, appears to be an incomplete screenshot from a larger document, and is not a Papaya business record.  No witness can lay foundation to authenticate it or say anything about it.  It is, to say the least, highly confusing, unfairly prejudicial, and should be excluded.

Respectfully

*/s/ Devora Allon*
Devora Allon

2