Dear Judge Cote:

Papaya respectfully submits this letter identifying disputes for the April 14 morning conference. We have met and conferred with Skillz about every issue below, but did not come to agreement.

**Exhibits and Opinions Struck from Dr. Zagal's Report**

- ███████████████████████████████████████████████, which has been struck. Dkt. 623-001 at 32. Skillz could not identify a non-struck portion.
- ███████████████████████████████████████████████, which has been struck. Dkt. 623-001 at 22. Skillz could not identify a non-struck portion.
- ███████████████████████████████████████████████, which has been struck. Dkt. 623-001 at 33. Skillz could not identify a non-struck portion.
- Dr. Zagal did not rely on **PX-00465** (PGSKZ-007-00003021) in his report. We asked Skillz to identify any part of his report that relied on PX-00465, it could not.
- **Slide 21** discusses ███████████████████████████████████████████████████████████████████████████ Skillz could not identify a non-struck portion.
- **Slide 38** excerpts **PX-00593** (to which Papaya does not object). But the language below the screenshot of PX-00593 (at ██████████████████████ and below), relate to struck parts of Dr. Zagal's report. Dkt. 623-001 at 23. Skillz could not identify non-struck parts.
- **Slide 60** refers to ███████████████████████████████████████████████████████████████. Dkt. 623-001 at 38 n.60. And PX-00465 (PGSKZ-007-00003021), which isn't cited at all. We asked Skillz to point us to non-struck parts of his report that rely on these exhibits, and it could not.

**Exhibits and Opinions Not Disclosed in Dr. Zagal's Report**

- **Slide 15** says "Many states impose minimum RTPs on gambling platforms." We asked Skillz to identify the basis for that opinion in his report, it could not.
- **Slide 17** discusses **PX-00465** (PGSKZ-007-00003021), which is not relied upon by Dr. Zagal. We asked Skillz to identify the part of his report that relied on PX-00465, it could not.
- **Slide 34** states "Start a tournament with a few bots already signed up Add bots to a tournament to 'fill up empty seats,'" without a basis from his report. ███████████████████████████████████████████████████ But the only similarity is the poker table: the statement on the slide is unrelated to Dr. Zagal's casino example.
- **Slide 39** states "Papaya had a goal RTP of .7, which hit accomplished with tailored sessions," which is not disclosed in Dr. Zagal's report. Skillz could not point to any part of his report.
- **Slide 49** has no basis in Dr. Zagal's report. We asked, but Skillz did not identify any.
- **Slide 53**'s title states "Bots Won More Cash Tournaments As Time Went On," which has no apparent basis in Dr. Zagal's report. We asked, but Skillz did not identify any.
- **Slides 42 and 43** should say tailored "tournaments" not "sessions." Dkt. 623-001 at 24-25.
- **Slide 66** states "Papaya used tailored sessions to guarantee predetermined wins or losses for human players to control RTP," "Bots won over $4.7 billion in advertised prize money that was never paid to human players," "GLI's skill-based certifications were unreliable because they did not account for bots," and "Papaya's representations that it had 'no vested interest'

were factually inconsistent with the data," none of which have an apparent non-struck basis in Dr. Zagal's report. We asked, but Skillz did not provide any.

**Introduction of Papaya Documents through Ms. Justus**

As a threshold matter, Skillz claims Papaya may not ask Ms. Justus to read from any Papaya documents on cross-examination, except with a more complete version of a document read on direct. But the Court precluded Papaya only from using a paralegal to present evidence "regarding *Skillz*'s documents to the jury," not *Papaya's*. Dkt No. 865 at 2. Skillz believes it can unilaterally reject Papaya's offer to introduce any Papaya document, and prevent Papaya from presenting it to the jury. This interpretation flouts the Second Circuit's guidance to "permit[] as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84 (2d Cir. 1995). Papaya asks the Court to clarify that it may present its own documents through cross examination of Ms. Justus.

- **Scope**. Skillz objects to all defense exhibits on the grounds that they are out of scope. However, each of the proposed exhibits are responsive to the topics of document Skillz intends to present. For instance, **DX0502** contextualizes the scores of customer complaints Skillz has identified by showing that Papaya received complaints unrelated to bots as well. Likewise, **DX0158** shows that users benefitted from bot use, which contextualizes the several documents Skillz intends to present suggesting Papaya's bots were cheating users out of money.

- **Hearsay**. Skillz claims that **DX0133, DX0157, DX0158, DX0178,** and **DX0488** are hearsay. But the parties agreed "not to object on hearsay grounds to exhibits that have been produced by either party and appear on their face to be business records." *See* Ex. 1 (Apr. 7, 2026 Email from A. Nemetz). Skillz has not identified a basis for its dispute. Indeed, **DX0133** is an internal email that includes an "Agenda" and "Action Items." **DX0157** facially consists of internal documentation about Papaya's products and workflows. **DX0158** is an internal Papaya email attaching an "updated deck" that similarly includes "responses to action items." **DX0488** is an internal presentation titled "Performance Report 2022."

- **Rules 402 and 403**. Skillz objects to **DX0502** under Rule 402/403. **DX0502** shows that customers complained to Papaya about non-bot issues, including about Skillz. In no case is the probative value substantially outweighed by Rule 403 concerns, given that Skillz has an adequate opportunity to respond to those documents in summation.

Respectfully

*/s/ Devora Allon*
Devora Allon

2