# KIRKLAND & ELLIS LLP

Devora W. Allon, P.C.
To Call Writer Directly:
+1 212 446 5967
devora.allon@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

April 6, 2026

**VIA CM/ECF**

*Granted.*
*/s/ Denise Cote*
*4/24/26*

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Skillz Platform Inc. v. Papaya Gaming, Ltd. and Papaya Gaming, Inc.*,
No. 1:24-cv-01646 (S.D.N.Y.)

Dear Judge Cote:

Pursuant to Rule 8.B of Your Honor's Individual Practices, we write on behalf of Papaya Gaming, Ltd. and Papaya Gaming, Inc. (collectively, "Papaya") with proposed redactions to the transcript of the March 27, 2026 Final Pretrial Conference (the "Transcript") in this matter, attached hereto as Exhibit A. *See* ECF No. 808. A proposed public version with these redactions applied is attached as Exhibit B. Consistent with the Court's instructions at that hearing, the parties conferred regarding redactions to the Transcript, and Skillz has proposed none. The redactions are thus proposed by Papaya only and are limited to discussion of a confidential settlement agreement with a third party. *See* ECF Nos. 669, 670. The Court has previously granted Papaya's requests to seal information related to this agreement. *See, e.g.,* ECF Nos. 475 (granting request to seal "[n]onpublic complaints by users, including related settlement agreements"), 706.

Although federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). Indeed, courts have the discretion to deny such public access where appropriate. *Id.* "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *Application of Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (similar). In this context, the Second Circuit applies a three-step framework to decide if documents may be sealed. *First*, the Court "must … conclude that the documents at

## KIRKLAND & ELLIS LLP

The Honorable Denise L. Cote
April 6, 2026
Page 2

issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (citation omitted). *Second*, the Court "must determine the weight of that presumption" based on the "value of such information to those monitoring the federal courts." *Id.* "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citation omitted). *Third*, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120. In conducting this analysis, courts may seal documents to, among other things, avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases).

The redacted information at issue here merits sealing under the Second Circuit's framework and well-established case law from this Circuit protecting the confidentiality of third-party settlement negotiations and agreements. Although the transcript of a court proceeding is a judicial document, courts recognize that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (citation omitted). "Additionally, courts frequently recognize that the public policy in favor of promoting settlements justifies maintaining the confidentiality of settlement agreements." *Dixon v. Reid*, No. 23 Civ. 09878 (JAV), 2025 WL 3652889, at *2 (S.D.N.Y. Dec. 15, 2025) (citing *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14 Misc. 2543 (JMF), 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016)) (granting request to seal settlement agreement with third party); *see, e.g.*, *Scarangella v. Grp. Health, Inc.*, No. 05 Civ. 5298 (RJS), 2016 WL 11696149, at *1 (S.D.N.Y. June 8, 2016) (granting request to seal "portions of [a] transcript" relating to confidential settlement agreement). Papaya's negotiations culminating in a confidential settlement with a third party, and the contents of that agreement, are not public information, and the disclosure of such information would risk harm to both parties to the agreement, as well as broader harm to the public policy interest in encouraging settlements and frank negotiations under Rule 408. Papaya thus respectfully submits that unredacted versions of the Transcript should be filed under seal, and that a redacted version should be filed publicly.

Pursuant to Your Honor's Individual Practices, we have enclosed an unredacted version of the aforementioned Transcript with the words and phrases to be redacted highlighted as Exhibit A. A proposed public version with these redactions applied is attached as Exhibit B. We have also provided Skillz's counsel with the unredacted materials by email.

We thank the Court for its attention to this matter.

# KIRKLAND & ELLIS LLP

The Honorable Denise L. Cote
April 6, 2026
Page 3

Sincerely,

/s/ *Devora W. Allon*
Devora W. Allon, P.C.

cc:      All counsel of record (by ECF)