```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SKILLZ PLATFORM INC.,                    :
                                         :
                         Plaintiff,      :      24cv1646 (DLC)
               -v-                       :
                                         :      OPINION AND
PAPAYA GAMING, LTD., and PAPAYA          :         ORDER
GAMING, INC.,                            :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff Skillz Platform Inc.:

Craig Carpenito
Amy Katherine Nemetz
Kathleen Elizabeth McCarthy
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Lazar Pol Raynal
Michael Anthony Lombardo
King & Spalding
110 N Wacker Drive, Suite 3800
Chicago, IL 60606

For the defendants Papaya Gaming, Ltd. and Papaya Gaming, Inc.:

Devora Whitman Allon
Gilad Bendheim
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Allison M. Brown
Kirkland & Ellis LLP
2005 Market Street,
Suite 1000
Philadelphia, PA 19103

Cole Carter
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654

Adam R. Alper
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104

Samuel Carno Leifer
Kirkland & Ellis LLP
200 Clarendon Street
Boston, MA 02116

Argie Lagrimas Mina
Michael W De Vries
Kirkland & Ellis LLP
695 Town Center Drive
Suite 1700
Costa Mesa, CA 90067

Sharre Lotfollahi
Kirkland & Ellis LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067

Danielle Renee Sassoon
Jeffrey Thalhofer
Clement & Murphy, PLLC
767 Fifth Avenue
Ste 15th Floor
New York, NY 10153

DENISE COTE, District Judge:

On April 23, 2026, the plaintiff Skillz Platform Inc.
("Skillz") won a substantial jury award of damages against
Papaya Gaming, Ltd. and Papaya Gaming, Inc. (together, "Papaya")
in this false advertising case.  An Opinion of July 27, 2026
ruled on the parties' post-trial motions and is incorporated by

2

reference.  Skillz Platform Inc. v. Papaya Gaming, Ltd., No. 24CV1646 (DLC), 2026 WL 2151126 (S.D.N.Y. July 27, 2026) ("Opinion").  Familiarity with it is assumed.  The Opinion awarded Skillz $719 million in disgorgement, its attorney's fees incurred in this litigation in 2024 and 2025, and costs related to the invocation by Papaya's executives of their Fifth Amendment right against self-incrimination in 2025.  This Opinion and Order addresses Skillz's remaining post-trial motion, which is for injunctive relief.  For the following reasons, Skillz's request for an injunction to be entered against Papaya is denied.

## Discussion

The parties are competitors in the real money skill-based ("RMSB") industry.  The jury found Papaya liable under both the Lanham Act and New York's General Business Law ("GBL") for false advertising.  From 2019 through 2023, Papaya employed bots as players in its online cash tournaments to fill its rosters for the tournaments, which provided Papaya with both the "liquidity" to run the tournaments and the ability to control the outcome of tournaments.  Papaya nonetheless falsely conveyed in its advertising that its games were fair and were games of skill in which human beings competed against each other, among other materially false and misleading statements.

Through this deception of consumers, Papaya entered the RMSB market and quickly became a leading competitor, taking market share from Skillz. The jury determined that Papaya's unfair advertising campaign damaged Skillz in the amount of $420 million. The Opinion awarded Papaya's illegally obtained profit of $719 million to Skillz.

It appears that Papaya ceased using bots as "players" in its cash tournaments in late 2023. Skillz did not pursue any theory at trial that Papaya's advertising thereafter was false or misleading.

Under the Lanham Act, a court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). A Lanham Act plaintiff is "entitled to a rebuttable presumption of irreparable harm upon a finding of a violation" of the Lanham Act. Id. Section 349(h) of the GBL provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice." (2024 version).

To obtain an injunction a plaintiff must satisfy a four-factor test set forth by the Supreme Court, demonstrating:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between

> the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (patent act violation) ("eBay Factors"). See also ABKCO Music, Inc. v. Sagan, 50 F.4th 309, 322 (2d Cir. 2022) (copyright action); Patsy's Italian Rest., Inc. v. Banas, 658 F.3d 254, 272 (2d Cir. 2011) (trademark action). One form of injunctive relief is a post-trial injunction in the form of a corrective advertising campaign. Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 265 (2d Cir. 2014).

Skillz makes two requests for injunctive relief. Skillz first seeks to enjoin Papaya permanently "from deploying Bots as players" in RMSB games. While Papaya's bot use and its false advertising were inextricably intertwined, the Court declines to issue this injunction. The statutory violations at issue here were premised on false advertising.

Skillz also seeks an order requiring Papaya, for six months, to display corrective advertising to each user prior to their playing any Papaya game or when they enter the Papaya website. The display would inform readers that Papaya once used bots, that it denied their existence to customers, and that a jury found Papaya liable to Skillz for false advertising. The proposed "splash screen" states, in 14-point font:

5

FROM 2019 THROUGH 2023, PAPAYA DEPLOYED BOTS, OR COMPUTERIZED OPPONENTS, AGAINST HUMAN PLAYERS IN ITS GAMES.  PAPAYA DID NOT DISCLOSE THAT IT DEPLOYED BOTS AND DENIED USING BOTS WHEN CUSTOMERS ASKED WHETHER PAPAYA USED BOTS. PAPAYA WAS SUED BY ITS COMPETITOR SKILLZ IN THE UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YRK AND THE JURY FOUND PAPAYA LIABLE FOR FALSE ADVERTISING UNDER FEDERAL LAW FOR DECEPTIVE BUSINESS PRACTICES UNDER NEW YORK LAW.

Below the proposed disclaimer would be a click-through button that the user must press before continuing onto the Papaya game or website.

The Court declines to order this corrective advertising. When considered together, the eBay Factors weigh against the relief Skillz requests.  It is true that Skillz has suffered an irreparable injury that monetary damages can only partially remedy.  Papaya used its false advertising and other unscrupulous tactics not only to enter the RMSB market but also to become a leading company in that market.

Turning to the other eBay Factors, however, Skillz has not shown that either the public interest or the balance of the equities weighs in favor of the proposed corrective advertising. There is no adequate showing regarding how many of those currently viewing the Papaya website or playing a Papaya game were subjected to its false advertising.  Papaya's false

advertising ended in late 2023 with its removal of bots as tournament players.  That is over two years ago, which is probably an infinity in the online gaming world.  Moreover, the reference to Skillz in the proposed corrective advertising will promote Skillz, which is only one of Papaya's competitors. Finally, the burden on a consumer of reading and reacting to the statement years after the events at issues weighs against the requested relief.

### Conclusion

Skillz's May 15, 2026 motion for injunctive relief is denied.

Dated:    New York, New York
          July 29, 2026

          _____
          DENISE COTE
          United States District Judge

7